■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered May 6, 1986, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him to concurrent indeterminate prison terms of from 1 to 3 years, unanimously affirmed.

Approximately twenty minutes after an undercover police

officer bought two glassine envelopes of cocaine, marked with the name "Gold Dynamite", from an individual who obtained the drugs at the basement apartment of a building on East 115th Street, another officer went to the apartment and, after no one would open the door, forced it open. As he entered the one room apartment, he saw defendant, just several feet in front of him, throw something to the floor. The officer immediately retrieved the items, which proved to be two glassine envelopes of cocaine. The apartment contained little more than a few mattresses on the floor and a portable bar, on which lay numerous glassine envelopes. In all a total of 103 glassine envelopes of cocaine, all marked "Gold Dynamite", were found strewn about the apartment, together with over two hundred dollars on the bar, including the premarked "buy" money, and a Oster heat sealer, used to seal plastic bags.

Defendant contends that the proof was insufficient to prove his guilt of either count of possession of the narcotics. To the contrary, viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that there was ample evidence to support the verdict. There was direct evidence that, upon the police entering the apartment, defendant dropped the drugs that happened to be in his hand. This, in addition to the circumstances described above, was more than sufficient to establish defendant's dominion and control over the quantity of drugs in plain view. The intent to sell may be inferred from the quantity of drugs, the presence of the sealer, and the presence of the prerecorded buy money in the cash on the bar. Moreover, it was up to the jury to determine if the statutory presumption of possession with intent to sell was negated by defendant's testimony *(see, People v Lynch,* 116 AD2d 56).

Defendant further contends that the proof of the sale prior to his arrest was prejudicial and requires reversal. This evidence was properly admitted to show intent to sell, as well as to enable the jury to understand the significance of certain evidence and to provide a comprehensible narrative of events *(see, e.g., People v Powell,* 157 AD2d 524, *lv denied* 75 NY2d 923). Without this evidence, the jury would be left to speculate as to why the police went to this particular apartment and broke through the door. In addition, they would not have understood the significance of the presence of the buy money and the stamp on the envelopes, which tended to show that the drugs were for sale, not personal use. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.