■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER THEISS, True Name FRED TORBERT, JR., Appellant. [603 NYS2d 135] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 17, 1991, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a predicate felon, to a term of imprisonment of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of imprisonment of 3 to 6 years, and otherwise affirmed.

Shortly before 11 A.M. on January 16, 1991, off duty Detective Stephen Berberich was sitting in his car in front of 155 West 71st Street between Columbus Avenue and Broadway, waiting for a parking space. He observed defendant, who was walking West and carrying a box of books under his arm, check the gate on the brownstone at 159 West 71st Street, and then proceed to the next building, 161 West 71st Street (hereafter "161"), whereupon defendant descended several steps and entered the front door. Detective Berberich's wife, Audrey Berberich, was the superintendent at 161; he knew all the tenants in the building and also knew none were home during the day. After several minutes Detective Berberich became suspicious, and peered through a window of the front door which led to a small vestibule and a second door, also with a window, leading to a hallway. Thirty seconds later defendant emerged into the hallway from a door to the basement, carrying a bicycle which belonged to one of the tenants. Detective Berberich identified himself as a police officer, ordered defendant to drop to the ground, and asked a passerby to telephone the police. Detective Berberich noticed that the lock to the interior door, which had been intact the previous night when he visited the building to help his wife, had been forced open. When defendant was placed under arrest several minutes later by Police Officer Edward Acevedo, he identified himself as Christopher Theiss, and produced a driver's license and social security card in the name of Christian Theiss. Later, during the formal arrest process, defendant again gave his name as Christopher Theiss.

Defendant testified that while walking from Columbus Avenue toward Broadway he noticed a box of books on the

sidewalk with a torn address label, and that the only portion of the address remaining was "61 Broadway." Mistakenly thinking he was on Broadway instead of West 71st Street, and presuming that the number "1" had been torn off the label, defendant proceeded to 161 seeking to return the books to their rightful owner. He denied that the inside door had been locked when he entered, and in fact testified that one of the responding police officers broke the lock after he was apprehended. He denied ever seeing the license and social security card bearing the name Christian Theiss, or ever identifying himself as Christopher Theiss. Finally, defendant denied carrying the bicycle up from the basement, claiming instead that the bicycle was already in the hallway and he was merely moving it aside so that he could pass by.

The jury rejected defendant's version of the events, and found him guilty of burglary.

Defendant argues that the trial court erred in admitting testimony that he identified himself as Christopher Theiss at the time of his arrest, and further erred in permitting the introduction into evidence of the driver's license and social security card, since this evidence supposedly constituted proof of an uncharged crime which was unrelated to any issue in the trial. However, this evidence was admissible to avoid speculation by the jury as to why defendant was indicted under the name Christopher Theiss, and explained why the police processed his arrest under that name (see, *People v Rodriguez*, 176 AD2d 522, 523). Moreover, evidence that an accused used a false name is relevant, in an appropriate context, as proof of consciousness of guilt, and balancing the probative value of such evidence against its prejudicial effect is committed to the trial court's discretion (see, *United States v Horton*, 873 F2d 180, 181-182; *United States v Levy*, 865 F2d 551, 558; *United States v Stowell*, 947 F2d 1251, 1255, *cert denied* — US —, 112 S Ct 1269; 2 Wigmore, Evidence § 276 [Chadbourn rev 1979]; *see also, People v Wiese*, 97 AD2d 903).

Although we find no ground to reverse the conviction, we consider the 6 to 12 year sentence imposed on the defendant to be unduly severe under the circumstances (CPL 470.15 [2] [c]). Accordingly, in the exercise of our discretion in the interest of justice, defendant's sentence is modified to a term of 3 to 6 years, and the judgment is otherwise affirmed. We have considered defendant's remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach and Ross, JJ.