■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY CHADWICK, Appellant. [641 NYS2d 297] —Judgment,

Supreme Court, New York County (Howard Bell, J.), rendered March 19, 1993, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years, and 3 to 6 years, respectively, unanimously affirmed.

Defendant made no showing that it was necessary for the court to appoint an expert (County Law § 722-c) to testify about the purported availability of scientific tests which were not performed in this case. In any event, in view of the overwhelming evidence of defendant's guilt, particularly the testimony of eyewitnesses and defendant's highly inculpatory spontaneous statements, any error in denying the request was harmless (*People v Gilmore*, 66 NY2d 863; *People v Arroyo*, 162 AD2d 337, *affd* 77 NY2d 947). Defendant was also permitted to question police witnesses about the non-performance of the tests in question.

It was a proper exercise of discretion to permit the introduction of evidence of a prior encounter between defendant and one of the victims, in which defendant allegedly threatened him with a knife, since such evidence was relevant to establish defendant's motive in the shooting, his identity as the shooter and since it provided necessary background material to complete the narrative of the episode (*see, People v Till*, 87 NY2d 835, 837). The probative value of this evidence clearly outweighed its potential for prejudice. Defense counsel's failure to request a limiting instruction with respect to the evidence of uncharged crimes renders the claim unpreserved for appellate review (CPL 470.05 [2]; *People v Ayala*, 191 AD2d 381, *lv denied* 81 NY2d 1069), and we decline to review it in the interest of justice. We note the jury was never urged to consider this evidence as demonstrating defendant's propensity to commit crimes.

Contrary to defendant's contention, the prosecutor's summation did not deprive him of a fair trial, but rather constituted fair comment on the evidence and a proper response to the summation of defense counsel (*People v Galloway*, 54 NY2d 396, 399).

We have considered defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.