■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS RIVERA, Appellant. [650 NYS2d 647] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered on or about October 6, 1994, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant was accused of fatally shooting the victim in 1989 in a dispute over drug-selling territory. The testimony of two eyewitnesses concerning defendant's prior drug dealing activ-

ity, with which they were familiar, was admissible since it was relevant to the issues of identity and motive (*see, People v Chadwick*, 227 AD2d 123; *People v Edmonds*, 223 AD2d 455).

Defendant's contentions concerning evidence that a month before his arrest in 1992, he pointed a gun at a detective out of a car window and attempted to run down the detective with his vehicle, as well as his giving the police a false name upon his arrest, are not preserved and we decline to review them in the interest of justice. Were we to review them, we would find the evidence admissible as to defendant's consciousness of guilt (*People v Farrell*, 184 AD2d 396, *lv denied* 80 NY2d 974; *People v Theiss*, 198 AD2d 17, *lv withdrawn* 82 NY2d 931).

Defendant's contentions concerning references to beatings of his girlfriend and testimony that the defendant had struck another female acquaintance in the head with a gun are unpreserved for appellate review, and we decline to review them in the interest of justice.

We also find the testimony elicited by the prosecutor and her subsequent summation comments, to the effect that the female acquaintance was "scared," were directed at the witness's testimonial role, rather than any implication that defendant had threatened her; in any event, the ambiguity in this testimony rendered it harmless, given the overwhelming evidence of guilt (*see, People v Barcliff*, 178 AD2d 285, *lv denied* 79 NY2d 997).

Defendant did not request a limiting instruction with respect to the evidence of uncharged crimes (*see, People v Chadwick, supra*), and did not challenge the court's flight charge on the grounds presently raised (*see, People v David*, 155 AD2d 322), rendering both of these claims unpreserved for appellate review.

Defendant was not entitled to a missing witness charge with respect to his girlfriend since the record demonstrates that she was unavailable based upon her refusal to testify (*see, People v Mancini*, 207 AD2d 730), and was not under the control of the People such that she could be expected to give testimony favorable to the prosecution (*see, People v Mack*, 210 AD2d 70, *lv denied* 85 NY2d 911).

The restrictions on cross-examination of the detective were a proper exercise of the court's discretion, as the proposed inquiry had only remote bearing on the detective's credibility (*see, People v Johnson*, 228 AD2d 389). To the extent defendant's contentions with respect to the prosecutor's summation are preserved, it was fair response to the defense summation, which had vigorously attacked the credibility of the People's

witnesses. Concur—Milonas, J. P., Wallach, Kupferman, Ross and Williams, JJ.