■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH O'GARA, Appellant. [657 NYS2d 661] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered February 11, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant's constitutional rights were not violated by the pre-indictment delay in this case because, as found by the motion court, there was no showing either that the delay was designed to gain a tactical advantage for the prosecution or that defendant suffered any actual prejudice (*People v Jackson*, 178 AD2d 305, *lv denied* 79 NY2d 948). Here, the motion court further found that the police made diligent efforts to investigate the crime and locate the defendant when suspicion focused on him. The reasons for the delay are attributable to defendant's efforts to avoid the authorities by moving, not obtaining a telephone and using an alias. In fact, when he was finally apprehended, he denied his true identity.

Evidence of defendant's prior bad acts was properly received. The potential for prejudice was outweighed by the probative value of the evidence, which provided background information necessary to explain the increasingly acrimonious relationship between defendant and the victim (*see, People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673), and which was necessary and highly relevant on the issues of motive and identity where the People's evidence concerning the murder itself was primarily circumstantial. Defendant's claim that the court should have given a limiting instruction is unpreserved and we decline to review it in the interest of justice in light of the underlying evidence of defendant's guilt and the circumstance that "the jury was never urged to consider this evidence as demonstrating defendant's propensity to commit crimes" (*People v Chadwick*, 227 AD2d 123, 124, *lv denied* 88 NY2d 981). Not only did defendant fail to request such a charge when the testimony was given, but also failed to do so during the formal charge conference.

The trial court properly excluded evidence of an alleged burglary of the victim's apartment because there was no showing that the alleged burglary was in any way connected to the murder (*see, People v Walker*, 223 AD2d 414, 415, *lv denied* 88 NY2d 887). In this connection, we note that the evidence before the jury permitted consideration of defendant's position that

someone other than defendant could have gained access to the victim's apartment for an illegal purpose.

The trial court was not obligated to use the "moral certainty" language in its circumstantial evidence charge, which adequately conveyed, in substance, the applicable legal principles (*People v Sanchez*, 61 NY2d 1022, 1024).

We also perceive no abuse of discretion in sentencing.

Defendant's additional claims of error are without merit. Concur—Murphy, P. J., Wallach, Mazzarelli and Andrias, JJ.