■ The People of the State of New York, Respondent, v Victor Oquendo, Appellant. [676 NYS2d 528] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered December 2, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1½ to 4½ years, unanimously affirmed.

The court properly denied defendant's application for the appointment, pursuant to County Law § 722-c, of a purported expert to testify at trial that it was unusual for a hand-to-hand dealer to have nothing but buy money on him when arrested, since defendant failed to demonstrate the necessity for such appointment, or that under the circumstances here, where additional money was recovered from defendant and his accomplice, such testimony was relevant to a significant issue at trial (*see, Ake v Oklahoma*, 470 US 68; *People v Chadwick*, 227 AD2d 123, *lv denied* 88 NY2d 981). In any event, any error would be harmless in view of the overwhelming evidence of defendant's guilt (*People v Chadwick, supra*).

The court properly limited cross-examination of the undercover officer regarding his possible intoxication, since there

was no basis for believing either that the officer had been intoxicated or that his perception had been impaired by his consumption of a small amount of beer shortly before the sale as part of his disguise. Concur—Milonas, J. P., Wallach, Rubin, Mazzarelli and Saxe, JJ.