■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BERRIOS, Appellant. [699 NYS2d 624] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of absconding from temporary release in the first degree (Penal Law § 205.17). When admitted to the temporary work release program, defendant signed an agreement that he would report to the facility by 4:30 P.M. every Tuesday and Thursday. The People presented proof that defen-

dant, after reporting as required for several weeks, failed to report to the facility on December 28, 1993, or anytime thereafter, until his eventual arrest. Defendant testified and admitted that he failed to report, but stated that he intended to report as soon as he had found regular employment.

County Court properly admitted evidence on the People's direct case that defendant gave a false name at the time of his arrest. Although the court noted that the evidence was "pedigree information for one thing", the record does not support defendant's contention that the court failed to exercise any discretion in admitting the evidence. Evidence that defendant gave a false name when arrested may be admissible as proof of consciousness of guilt (see, People v Rivera, 234 AD2d 19, 20, lv denied 89 NY2d 1040; People v Theiss, 198 AD2d 17, 18). Likewise, the People's use of that evidence on cross-examination of defendant was proper (see, People v Walker, 83 NY2d 455, 460-464). In any event, any error in admitting the evidence on the People's direct case is harmless because it was properly admitted on cross-examination. (Appeal from Judgment of Monroe County Court, Connell, J.—Absconding from Temporary Release, 1st Degree.) Present—Denman, P. J., Pine, Pigott, Jr., and Callahan, JJ.