■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK PAGAN, Appellant. [843 NYS2d 101]—

Appeal by the defendant from two judgments of the County Court, Orange County (De Rosa, J.), both rendered May 25, 2005, convicting him of assault in the second degree (two counts) under indictment No. 04-00901, and assault on a peace officer under indictment No. 04-00906, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are reversed, on the law, the pleas are vacated, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

On appeal, the defendant challenges the validity of his pleas on the ground that the court failed to inform him that his sentences would include post-release supervision. Review of the record reveals that the court did inform the defendant of this condition at sentencing, but that it failed to so inform him at the plea allocutions. Under such circumstances, and contrary to the People's contention, the defendant did not waive his challenge to the sufficiency of his plea allocutions on direct appeal, despite the fact that he did not make a formal post-allocution motion to withdraw the pleas or a motion to vacate the judgments of conviction (*see People v Louree*, 8 NY3d 541 [2007]). Accordingly, "the failure of the court to advise of post release supervision [at the time of the pleas] requires reversal of the conviction [s]" (*People v Catu*, 4 NY3d 242, 245 [2005]).

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.