■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE COOK, Appellant. [855 NYS2d 558]—

On appeal, the defendant challenges the validity of his plea on the ground that the Supreme Court failed to inform him that his sentence would include a period of postrelease supervision. Review of the record reveals that the court did inform the defendant of this condition at sentencing, but it failed to so inform

him at the plea allocution. Under such circumstances, the defendant did not waive his challenge to the sufficiency to the plea allocution on direct appeal, despite the fact that he did not make a formal post-allocution motion to withdraw the plea or a motion to vacate the judgment of conviction (*see People v Louree,* 8 NY3d 541 [2007]; *People v Pagan,* 43 AD3d 1086 [2007]). Accordingly, as the People correctly concede, "the failure of a court to advise of postrelease supervision [at the time of the plea] requires reversal of the conviction" (*People v Catu,* 4 NY3d 242, 245 [2005]; *see People v Pagan,* 43 AD3d at 1086).

In light of our determination, it is unnecessary to reach the defendant's remaining contention. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.