◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS LEE SIMMONS, JR., Appellant.—Judgment unanimously affirmed. Memorandum: After executing a waiver of indictment, defendant entered a guilty plea to a superior court information which charged him with attempted rape in the first degree. The waiver contained a provision that defendant waived his right to appeal from any judgment of conviction under the superior court information.

We reject the People's argument that defendant waived his right to appeal. Waiver is the intentional and voluntary relinquishment of a known right, and knowledge and intent are essential elements *(People v Cox,* 71 AD2d 798). The record fails to disclose any inquiry by the court from which we could determine that defendant knowingly waived his right to appeal *(see, People v Veaudry,* 133 AD2d 524, *lv denied* 70 NY2d 804). Defendant's "understanding and acceptance" of the purported waiver has not been demonstrated *(People v Seaberg,* 74 NY2d 1, 11).

Defendant contends on appeal that he was deprived of the effective assistance of counsel. We disagree. The evidence, the law, and the circumstances of the case, when viewed in their totality at the time of the representation, demonstrate that defendant's attorney provided meaningful representation *(see, People v Jackson,* 70 NY2d 768, 769; *People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 147).

Finally, there is no merit to defendant's argument that the court erred in denying his motion to withdraw his guilty plea. The record demonstrates that the plea was knowingly, intelligently and voluntarily entered. (Appeal from judgment of

Supreme Court, Onondaga County, Merrell, J.—attempted rape, first degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.