■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN HOLLIS, Also Known as KEITH BROWN, Appellant. [765

NYS2d 67] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 8, 1999, as amended April 25, 2000, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

As part of his plea bargain to Superior Court Information No. 99-00373, the defendant was promised a determinate term of incarceration of five years and postrelease supervision of three years. Initially, the County Court kept its sentencing promise. However, subsequently, the County Court, sua sponte, amended the judgment to reflect that the term of postrelease supervision would be five years instead of the promised three years. It is undisputed that since the defendant was not being sentenced as a violent felony offender pursuant to Penal Law § 70.02, the promised term of three years of postrelease supervision was unlawful, and the proper term was five years, as mandated by Penal Law § 70.45 (2).

Following the amendment of the judgment, the defendant moved, in effect, pursuant to CPL 440.20 to vacate his sentence on the ground that he pleaded guilty with the understanding that he would receive the promised sentence. Since he did not receive the promised sentence, he contended that he should be permitted to withdraw his guilty plea. However, the defendant withdrew his motion before it was decided.

The defendant argues that the County Court should have conducted a resentencing proceeding to permit him to protest the two-year increase in his period of postrelease supervision or to withdraw his plea.

It is well settled that a court has the inherent power to correct an unlawful sentence (*see People v DeValle,* 94 NY2d 870, 871-872 [2000]; *People v Collymore,* 254 AD2d 300 [1998]). However, when the unlawful sentence is the product of a negotiated plea agreement, and the sentencing court is unable to fulfill its sentence promise due to the illegality of that sentence, the appropriate remedy is to give the defendant the opportunity to either accept an amended lawful sentence or withdraw his plea of guilty and be restored to pre-plea status (*see People v Correa,* 248 AD2d 630, 631 [1998], *affd* 93 NY2d 821 [1999]; *People v Selikoff,* 35 NY2d 227, 241-242 [1974], *cert denied* 419 US 1122 [1975]; *see also People v DeValle, supra; People v Cameron,* 83 NY2d 838 [1994]; *People v McCready,* 296 AD2d 423 [2002]; *People v Kostka,* 292 AD2d 634, 635 [2002]).

Under the circumstances of this case, by withdrawing his

motion, in effect, pursuant to CPL 440.20, the defendant waived the claim he now seeks to raise on appeal.

With respect to the portion of the defendant's brief in which assigned counsel moves for leave to withdraw as counsel pursuant to *Anders v California* (386 US 738 [1967]), on a purported appeal from a judgment of conviction rendered under Indictment No. 1998-01850, we note that the defendant never filed a notice of appeal from that judgment. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.