■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RRUSTEM MURIQI, Appellant. [779 NYS2d 862]—

Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 14, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to the crime of attempted burglary in the second degree. In accordance with the plea agreement, he was sentenced as a second felony offender to a prison term of four years to be followed by 1½ years of postrelease supervision. Defendant's sole contention on appeal is that, although he was aware of the period of postrelease supervision, County Court failed to advise him of the consequences in the event that he violates the conditions of his postrelease supervision. Having failed to object at sentencing, the issue is not preserved for our review (*see People v Van Gorden*, 307 AD2d 547, 548 [2003], *lv denied* 1 NY3d 581 [2003]; *People v Williams*, 307 AD2d 537,

538 [2003], *lv denied* 100 NY2d 646 [2003]). Were we to consider defendant's argument, we would find it to be without merit. "A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes" and its direct consequences (*People v Ford*, 86 NY2d 397, 402-403 [1995]). County Court was not required to inform defendant of the consequences of not complying with the conditions of postrelease supervision, which conditions are set by the Board of Parole (*see* Penal Law § 70.45 [3]), as those were collateral consequences of his plea (*see People v Ford, supra* at 403; *People v Goss*, 286 AD2d 180 [2001]; *People v Clark*, 261 AD2d 97, 100 [2000], *lv denied* 95 NY2d 833 [2000]).

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.