■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BEHLIN, Appellant. [821 NYS2d 757]—Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered November 5, 2003, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

Although it is undisputed that the court advised defendant that his sentence would include five years of postrelease supervision (*see People v Catu*, 4 NY3d 242 [2005]), defendant claims that the court misinformed him as to the precise consequences of a violation of the conditions of such supervision. Defendant failed to preserve this claim (*see People v Muriqi*, 9 AD3d 743 [2004], *lv denied* 3 NY3d 679 [2004]), and we decline to review it in the interest of justice (*compare People v Bracey*, 24 AD3d 363 [2005] [interest-of-justice review of *Catu* error]). Were we to review this claim, we would find that reincarceration for violating the terms of postrelease supervision is a collateral consequence of the plea (*see People v Muriqi*, 9 AD3d at 744), and that defendant's decision to plead guilty was knowing, intelligent and voluntary. We further find that defendant received ef-

fective assistance of counsel (*see People v Ford*, 86 NY2d 397, 402-404 [1995]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.