■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMUNDO GARCIA, Appellant. [876 NYS2d 402]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 26, 2007, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3¹/₂ years, unanimously reversed, on the law, the plea vacated and the matter remanded for further proceedings.

The court's failure to inform defendant at his plea allocution that he would be subject to a period of postrelease supervision requires reversal of the conviction (*People v Catu*, 4 NY3d 242 [2005]). In pleading guilty, defendant was entitled to rely on the *court's* sentence promise, which, as applicable here, was a prison term of 3¹/₂ years with no mention of anything else. Accordingly, the fact that the prosecutor mentioned postrelease supervision earlier in the plea proceeding does not warrant a different result. A court's failure to warn a defendant prior to pleading guilty of the sentencing consequences of the plea is not subject to harmless error analysis (*People v Hill*, 9 NY3d 189, 192 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *see also People v Van Deusen*, 7 NY3d 744, 745-746 [2006]). Similarly, there is no reason to depart from the rule that a defendant may raise a *Catu* issue for the first time on appeal (*see People v Louree*, 8 NY3d 541 [2007]). We have considered and rejected the People's remaining arguments. Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ.