THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLSEN KEY, Appellant. [884 NYS2d 106]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered May 28, 2003, convicting him of kidnapping in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea of guilty is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings.

The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent inasmuch as the County Court did not advise him when he pleaded guilty that postrelease supervision would be a part of his sentence (*see People v Boyd*, 12 NY3d 390 [2009]; *People v Louree*, 8 NY3d 541, 544-545 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Borrego*, 59 AD3d 456 [2009]). The People concede that reversal of the judgment of conviction is required, and we agree. We note that defense counsel's statement regarding postrelease supervision during the plea negotiations several days before the defendant pleaded guilty cannot substitute for the court's duty to ensure, at the time the plea is entered, that the defendant is aware of the terms of the plea (*see People v Garcia*, 61 AD3d 475 [2009]), especially in light of the fact that it was not stated that post-

release supervision was required to be part of any sentence with a determinate prison term.

In light of our determination, the defendant's remaining contentions, including those raised in his supplemental pro se brief, have been rendered academic. Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.