[920 NYS2d 97]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE MONK, Appellant.

Second Department, March 15, 2011

### APPEARANCES OF COUNSEL

*Scott B. Tulman*, New York City, for appellant.

*Janet DiFiore, District Attorney*, White Plains (*Richard Longworth Hecht, Anthony J. Servino* and *Joseph A. Barca III* of counsel), for respondent.

### OPINION OF THE COURT

DILLON, J.P.

Is a defendant's plea of guilty rendered unknowing, involuntary, or unintelligent, if the court, while informing the defendant during the plea allocution of the period of postrelease supervision, fails to advise him of the consequences of violating the conditions of that postrelease supervision? The Appellate Division, Second Department, has not, until now, considered this question. We hold that a court's failure to advise a defendant of the consequences of violating the conditions of postrelease supervision does not render the plea infirm.

## I. Relevant Facts

By indictment in Westchester County, the defendant was charged with robbery in the first degree, robbery in the second degree (two counts), assault in the second degree, and assault in the third degree. The charges arose out of an incident that occurred on March 21, 2004, when the defendant allegedly robbed the complainant at knife point in the driveway of her residence.

After various pretrial hearings, the defendant agreed to plead guilty to an amended count of attempted robbery in the first degree in full satisfaction of the charges, with the further understanding that he would receive a determinate 10-year prison term that would run concurrently with any sentence imposed in an unrelated criminal case then pending in Rockland County. The Office of the Rockland County District Attorney agreed to the proposed disposition in Westchester County.

On April 15, 2005, the defendant entered his plea of guilty. During the otherwise standard plea allocution, the County Court explained to the defendant that the 10-year determinate term of imprisonment would run concurrently with any sentence imposed on the Rockland County charges, "with a mandatory five-year post-release supervision period." Nothing further was

said during the allocution regarding postrelease supervision. The County Court accepted the defendant's plea, ordered a presentence report, and adjourned the matter for sentencing.

By written motion dated June 24, 2005, the defendant moved to withdraw his guilty plea on various grounds. As relevant here, the defendant argued that the County Court never informed him that a violation of any of the conditions of postrelease supervision could subject him to incarceration beyond the agreed-upon prison sentence. The People opposed the motion, arguing that the allocution conducted by the County Court at the time of the plea was sufficient.

In an order dated August 17, 2005, the County Court, inter alia, found that the defendant knowingly, voluntarily, and intelligently pleaded guilty and denied the defendant's motion. Specifically, the County Court held that while a defendant must be advised of the postrelease supervision component of a sentence, the consequences of a violation of the postrelease supervision condition are merely collateral to the plea and, therefore, need not be included in the court's allocution. On August 17, 2005, the defendant was sentenced to the agreed-upon 10-year determinate term of imprisonment to run concurrently with any sentence imposed in the Rockland County matter, with five years of postrelease supervision.

We affirm.

## II. Legal Analysis

Trial courts are required to advise defendants who enter guilty pleas of the "direct consequences" of their plea, but are not required to iterate every "collateral consequence" of the convictions (*People v Harnett*, 16 NY3d 200, 205-206 [2011]; *People v Gravino*, 14 NY3d 546, 553-554 [2010]; *People v Catu*, 4 NY3d 242, 244 [2005]; *People v Ford*, 86 NY2d 397, 403 [1995]). A "direct consequence 'is one which has a definite, immediate and largely automatic effect on [a] defendant's punishment' " (*People v Catu*, 4 NY3d at 244, quoting *People v Ford*, 86 NY2d at 403; *see People v Harnett*, 16 NY3d 200 [2011]). The Court of Appeals specifically found in *Catu* that postrelease supervision is a direct consequence of certain criminal convictions. As such, a defendant who pleads guilty to a crime resulting in a determinate sentence of imprisonment must be aware of the postrelease supervision component for the plea and sentence to be knowingly, voluntarily, and intelligently chosen from among the options available to the defense (*see People v Catu*, 4 NY3d at 245).

By contrast, collateral consequences are "peculiar to the individual and generally result from the actions taken by agencies [that] the court does not control" (*People v Ford*, 86 NY2d at 403). Such actions may include those resulting in the loss of the right to vote, the loss of the right to travel, the loss of civil service employment, the loss of a driver's license, the loss of the right to possess firearms, an undesirable discharge from the armed forces (*id.*), and the discontinuance of work release and college programs for inmates (*see People v Berezansky*, 229 AD2d 768, 770 [1996]). In addition, other consequences held to be collateral include registration under the Sex Offender Registration Act (SORA) (*see* Correction Law art 6-C; *People v Gravino*, 14 NY3d at 559; *People v Windham*, 10 NY3d 801, 803 [2008]; *People v Clark*, 261 AD2d 97, 100 [2000]) and the terms and conditions of probation (*see People v Gravino*, 14 NY3d at 559).

Penal Law § 70.45 (1) provides, in pertinent part, that "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article." A violation of any condition of postrelease supervision subjects the defendant to further imprisonment for the balance of the supervisory period (*see* Penal Law § 70.45 [1]). The applicable period of postrelease supervision for a second violent felony offender, like the defendant, is five years (*see* Penal Law § 70.45 [2]).

The Court of Appeals and the Appellate Division, Second Department, have not yet addressed whether the consequences of violating the conditions of postrelease supervision must be expressly disclosed to defendants during in-court allocutions and before the judicial acceptance of guilty pleas. However, the issue has been considered by the Appellate Division, First and Third Departments, and both Courts concluded, after finding the issue unpreserved for appellate review in each instance, that if the issue were to be reached on the merits, the consequences of violating the conditions of postrelease supervision are merely collateral, and that a court's failure to allocute as to those consequences does not render pleas unknowing, involuntary, or unintelligent (*see People v Laster*, 38 AD3d 242 [1st Dept 2007]; *People v Behlin*, 33 AD3d 390 [1st Dept 2006]; *People v Muriqi*, 9 AD3d 743 [3d Dept 2004]).

Here, for the first time on appeal in this state, the issue is preserved for appellate review. We agree with the conclusion reached by the First and Third Departments that while a trial

court must advise a defendant of the postrelease supervision component of a determinate sentence prior to the acceptance of a guilty plea, it need not allocute on the ramifications of violating the conditions of postrelease supervision, as those ramifications are mere collateral consequences of the conviction and the court's failure to explain them to the defendant does not render the plea infirm.

This result makes sense, since the ramifications of violating the conditions of postrelease supervision are subject to the discretion of the Board of Parole, rendering them, by nature, merely collateral to pleas and sentences. Specifically, alleged violations of the conditions of postrelease supervision are heard and determined by the Board of Parole, and, upon determining that there is probable cause to believe that a defendant has violated such a condition, the Board of Parole must conduct a revocation hearing (*see* Penal Law § 70.45 [4]; Executive Law § 259-i [3]). If the presiding officer at that hearing is satisfied, by a preponderance of the evidence, that the defendant has violated one or more conditions of postrelease supervision, the presiding officer then determines the remedy that is to be imposed upon the defendant (*see* Executive Law § 259-i [3] [f] [x]). The remedies that may be imposed are, as relevant here, a restoration of the defendant to supervision; or, as an alternative to reincarceration, the placement of the defendant in a parole transition facility for not more than 180 days with subsequent restoration to supervision; or directing the defendant's reincarceration for up to the balance of the remaining period of postrelease supervision, not to exceed five years (*id.*).

Thus, the consequences that arise from violating conditions of postrelease supervision are within the discretion of the Board of Parole, and are therefore collateral to the judgment of conviction. Accordingly, there is no requirement that a trial court must specifically advise a defendant of the consequences of violating conditions of postrelease supervision, in order for the defendant's guilty plea to be knowingly and voluntarily entered.

Therefore, the judgment is affirmed.

BALKIN, BELEN and AUSTIN, JJ., concur.

Ordered that the judgment is affirmed.