■ The People of the State of New York, Respondent, v Robert Blunt, Appellant. [939 NYS2d 563]—

Appeal by the defendant from a resentence of the Supreme Court, Nassau County (Honorof, J.), imposed March 9, 2011, which, upon his conviction of burglary in the second degree, robbery in the third degree, and sexual abuse in the first degree, upon his plea of guilty, imposed a period of postrelease supervision of five years on the count of sexual abuse in the first degree in addition to the sentence of imprisonment originally imposed on March 13, 2000, as amended April 3, 2000.

Ordered that the resentence is affirmed.

In 1999 the defendant was charged with burglary in the second degree, robbery in the third degree, and sexual abuse in the first degree. On February 10, 2000, the defendant entered a plea of guilty to all charges in the indictment. At the plea proceeding, the Supreme Court informed the defendant that, based on the top count of the indictment, burglary in the second degree, he faced a maximum possible determinate sentence of imprisonment of 15 years, plus five years postrelease supervision. The defendant acknowledged that he understood. The Supreme Court's only sentencing promise was that it would impose concurrent terms of imprisonment. On March 13, 2000, the Supreme Court sentenced the defendant. With regard to postrelease supervision, the Supreme Court imposed a five-year period of postrelease supervision on the top count of the indictment, and a period of three years postrelease supervision on the count of sexual abuse in the first degree. On April 3, 2000, the

Supreme Court conducted resentencing proceedings to correct an error not relevant here. On March 9, 2011, the Supreme Court, again exercising its inherent authority to correct sentencing errors and unlawful or illegal sentences (*see People v Wright,* 56 NY2d 613, 614 [1982]; *People v Minaya,* 54 NY2d 360 [1981], *cert denied* 455 US 1024 [1982]; *People v Prendergast,* 71 AD3d 1055, 1055 [2010], *affd sub nom. People v Lingle,* 16 NY3d 621 [2011]; *People v Rubendall,* 4 AD3d 13, 17 [2004]), conducted a second resentencing proceeding to impose a five-year period of postrelease supervision on the count of sexual abuse in the first degree since, as a second violent felony offender, the defendant was not eligible for a three-year period of postrelease supervision on that count (*see* Penal Law § 70.45 [2]; *People v Padilla,* 50 AD3d 928, 929 [2008]). The defendant appeals from the second resentencing.

In *People v Catu* (4 NY3d 242 [2005]), the Court of Appeals held that postrelease supervision is a direct consequence of certain criminal convictions. "As such, a defendant who pleads guilty to a crime resulting in a determinate sentence of imprisonment must be aware of the postrelease supervision component for the plea and sentence to be knowingly, voluntarily, and intelligently chosen from among the options available to the defense" (*People v Monk,* 83 AD3d 35, 37 [2011]; *see People v Catu,* 4 NY3d at 245).

Contrary to the defendant's contention, under the circumstances of this case, the imposition at the second resentencing of a five-year period of postrelease supervision on the count of sexual abuse in the first degree did not constitute a *Catu* error (*see People v Catu,* 4 NY3d 242 [2005]). The defendant was informed at the plea proceeding that he faced a five-year period of postrelease supervision. The defendant acknowledged as much and thereafter entered a plea of guilty. Thus, at the time he decided to enter the plea of guilty, the defendant was "aware of the postrelease supervision component for the plea and sentence" (*People v Monk,* 83 AD3d at 37) as a general matter, and specifically aware that he faced a five-year period of postrelease supervision based on the top count of the indictment. Accordingly, this is not a case where the defendant was not made aware of the fact that he faced a period of postrelease supervision (*see People v Catu,* 4 NY3d 242 [2005]), where the defendant was erroneously promised a lesser term of postrelease supervision (*see People v Hollis,* 309 AD2d 764, 765 [2003]), or where he was not informed of the specific period of postrelease supervision he faced (*see People v Boyd,* 12 NY3d 390 [2009]). Moreover, the period of postrelease supervision imposed on the

count of sexual abuse in the first degree merged by operation of law with the five-year period of postrelease supervision on the count of burglary in the second degree (*see* Penal Law § 70.45 [5] [c]). Therefore, neither the erroneous imposition of a three-year period of postrelease supervision on the conviction of sexual abuse in the first degree, nor the subsequent resentencing to the proper five-year period of postrelease supervision on that conviction, had any practical effect on the defendant's sentence.

The defendant's remaining contentions are either not properly before this Court or without merit. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.