THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DIVALENTINO, Appellant. [971 NYS2d 342]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 17, 2011, as amended September 12, 2011, convicting him of attempted murder in the second degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

In his pro se supplemental brief, the defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court, inter alia, failed to advise him of the period of postrelease supervision that would be a component of his sentence. Contrary to the People's contention, under the circumstances of this case, this claim is not foreclosed based on the defendant's failure to make a post-allocution motion to withdraw his plea of guilty (*see People v Louree*, 8 NY3d 541 [2007]), or as a result of his failure to object when the court imposed a sentence which included a period of postrelease supervision (*see People v McAlpin*, 17 NY3d 936, 938 [2011]). We agree with the defendant's contention, and, accordingly, we reverse the judgment, vacate the defendant's plea of guilty, and remit the matter to the County Court, Orange County, for further proceedings.

The defendant appeared before the County Court on June 30, 2011, for plea proceedings. The court observed that the top count of the consolidated indictment charged the defendant with attempted murder in the second degree, which could result in a maximum determinate sentence of 25 years of imprisonment to be followed by five years of postrelease supervision.

The court further observed that the count charging the defendant with conspiracy in the second degree could result in a maximum indeterminate term of imprisonment of 8⅓ to 25 years. The defendant stated that he understood. The court then discussed the People's plea offer, which included a sentence of 18 years of imprisonment plus five years of postrelease supervision on the count of attempted murder in the second degree, and an indeterminate term of imprisonment of 5 to 15 years on the count of conspiracy in the second degree, with the sentences to run consecutively. Thus, under the People's offer, the defendant would be sentenced to a minimum aggregate term of imprisonment of 23 years. The court then stated that, in contrast to the People's offer, it would not sentence the defendant to an aggregate term of imprisonment of 23 years, but, instead, "would prefer to have a parole hold on you a little longer, all right, but have a shorter period of time on the bottom that you would have to mand[a]torily serve." The court stated that it was willing to offer a sentence with "the bottom [being] 15 years in state[ ] prison combined," and, "on the top, [the court] would reserve the right to give [him] as much as—I think I said [15], plus [5], you know, which would be [20] years."

The defendant stated that he wished to accept the plea offer extended by the County Court. The defendant was sworn in, and pleaded guilty to attempted murder in the second degree and conspiracy in the second degree. At sentencing on August 17, 2011, the court sentenced the defendant to a determinate term of imprisonment of 15 years to be followed by five years of postrelease supervision on the conviction of attempted murder in the second degree, and an indeterminate term of imprisonment of 3 to 12 years on the conviction of conspiracy in the second degree, with the sentences to run consecutively.

As the parties acknowledge, "[t]he Court of Appeals specifically found in [*People v Catu* (4 NY3d 242 [2005])] that postrelease supervision is a direct consequence of certain criminal convictions" (*People v Monk*, 83 AD3d 35, 37 [2011], *affd* 21 NY3d 27 [2013]). "As such, a defendant who pleads guilty to a crime resulting in a determinate sentence of imprisonment must be aware of the postrelease supervision component for the plea and sentence to be knowingly, voluntarily, and intelligently chosen from among the options available to the defense" (*id.*).

It is clear that, at the plea proceeding described above, the defendant was informed that his maximum sentencing exposure on the top count of attempted murder in the second degree, and the People's offer in connection with the top count, included a period of postrelease supervision. However, with regard to the

plea agreement actually offered by the County Court and accepted by the defendant, the court failed to advise the defendant that the sentence would include a period of postrelease supervision. The defendant was not informed that a period of postrelease supervision would, in fact, be a part of the agreed-upon sentence, and he was not expressly informed that postrelease supervision was required by statute to be a part of any sentence with a determinate prison term (*see People v Key*, 64 AD3d 793, 793-794 [2009]). Unlike the circumstances in *People v Blunt* (93 AD3d 675 [2012]), here, after informing the defendant that his maximum sentencing exposure included a period of postrelease supervision, the court extended a specific sentence offer, specifying the range of the terms of imprisonment involved (*cf. id.* at 675), and this offer omitted any reference to postrelease supervision. The court has a duty to ensure, at the time a plea of guilty is entered, that the defendant is aware of the terms of the plea (*see People v Key*, 64 AD3d at 793-794). The County Court's failure to inform the defendant, at the time he entered his plea of guilty, that his sentence would, in fact, include a period of postrelease supervision, prevented his plea from being entered knowingly, voluntarily, and intelligently. Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the County Court, Orange County, for further proceedings (*see People v Catu*, 4 NY3d 242 [2005]; *see also People v Fuertes*, 105 AD3d 974, 974 [2013]; *People v Campbell*, 102 AD3d 979, 979 [2013]; *People v Weichow*, 96 AD3d 883, 884 [2012]).

The defendant's remaining contentions are academic in light of our determination. Skelos, J.P., Balkin and Dickerson, JJ., concur.

Angiolillo, J., dissents, and votes to affirm the judgment with the following memorandum, in which Roman, J., concurs: I do not agree with the majority that the County Court failed to advise the defendant of the postrelease supervision component of his sentence at the time he entered his plea of guilty. Therefore, I respectfully dissent, and would vote to affirm the judgment of conviction.

In *People v Catu* (4 NY3d 242 [2005]), the Court of Appeals held that postrelease supervision is a direct consequence of certain criminal convictions. "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*id.* at 245).

Here, the record of the plea proceeding demonstrates that the County Court did advise the defendant of the postrelease supervision component of his sentence. The County Court informed the defendant that, on the top count of the indictment, attempted murder in the second degree, he faced a maximum possible determinate sentence of a term of imprisonment of 25 years, plus five years of postrelease supervision. The defendant acknowledged that he understood. At that point, the only sentencing promise made by the County Court was that it reserved the right, in its discretion, to fix the prison component of the defendant's sentence to a number of years within a certain range, taking into account both the determinate term of imprisonment to be imposed for the count of attempted murder in the second degree and the indeterminate term of imprisonment to be imposed for the second count, conspiracy in the second degree. On August 17, 2011, the County Court sentenced the defendant to a determinate term of imprisonment of 15 years plus five years of postrelease supervision on the count of attempted murder in the second degree, and an indeterminate term of imprisonment of 3 to 12 years on the count of conspiracy in the second degree, with the sentences to run consecutively.

Contrary to the contentions in the defendant's pro se supplemental brief, the term of imprisonment imposed fell within the range promised by the County Court. Further, under the circumstances of this case, the imposition of a five-year period of postrelease supervision did not constitute a *Catu* error (*see People v Catu*, 4 NY3d at 242). The defendant was informed at the outset of the plea proceeding that he faced a five-year period of postrelease supervision. The defendant acknowledged as much and thereafter entered a plea of guilty. Thus, at the time he decided to enter his plea of guilty, the defendant was "aware of the postrelease supervision component for the plea and sentence" (*People v Blunt*, 93 AD3d 675, 676 [2012] [internal quotation marks omitted]) as a general matter, and specifically aware that he faced a five-year period of postrelease supervision based on the top count of the indictment. Accordingly, this is not a case where the defendant was not made aware of the fact that he faced a period of postrelease supervision (*see People v Catu*, 4 NY3d at 242), where the defendant was erroneously promised a lesser term of postrelease supervision (*see People v Hollis*, 309 AD2d 764, 765 [2003]), or where he was not informed of the specific period of postrelease supervision he faced (*see People v Boyd*, 12 NY3d 390 [2009]).

Immediately after the colloquy with respect to postrelease supervision, the County Court made a sentencing promise to

the defendant with respect to the range of the terms of imprisonment for his two sentences. Similarly, in *People v Blunt* (93 AD3d at 675), after the Supreme Court elicited the defendant's understanding of the postrelease supervision component, the court made a specific promise to impose the defendant's two sentences to run concurrently. In both cases, although the court's specific sentencing promise omitted further mention of postrelease supervision, the promise contained nothing to contradict the earlier colloquy during which the defendant acknowledged his understanding of the postrelease supervision component. Under the circumstances of this case, the judgment of conviction should be affirmed (*id.* at 676).