■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY RIVERA, Appellant. [5 NYS3d 459]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered April 22, 2013, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, and the matter is remitted to the County Court, Orange County, for further proceedings in accordance herewith.

The defendant was charged with assault in the second degree (four counts) and, thereafter, agreed to plead guilty to a single count of assault in the second degree. On appeal, the defendant contends, among other things, that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court failed to advise him during the plea proceedings of any promised sentence, the potential sentencing range, or the postrelease supervision component of that sentence. Contrary to the People's contention, under the circumstances of this case, the defendant's contentions on appeal are not foreclosed by virtue of his failure to make a motion to withdraw the plea of guilty or to object when he was sentenced (*see People v McAlpin*, 17 NY3d 936, 938 [2011]; *People v Divalentino*, 109 AD3d 999 [2013]; *see also People v Turner*, 24 NY3d 254, 258 [2014]; *cf. People v Murray*, 15 NY3d 725 [2010]; *People v Castillo-Cordero*, 54 AD3d 1054 [2008]).

A trial court has the constitutional duty to advise a defendant of the direct consequences of a plea of guilty, including any period of postrelease supervision that will be imposed as part of the sentence (*see People v Cornell*, 16 NY3d 801, 802 [2011]; *People v Catu*, 4 NY3d 242, 244-245 [2005]). Under the circumstances of this case, the Supreme Court's failure to advise the defendant at the time of his plea that his sentence would include a period of postrelease supervision prevented his plea from being knowing, voluntary, and intelligent (*see People v Divalentino*, 109 AD3d at 1001; *People v Fuertes*, 105 AD3d 974 [2013]; *see also People v Turner*, 24 NY3d at 259; *People v Catu*, 4 NY3d at 244-245; *cf. People v Murray*, 15 NY3d 725 [2010]). Accordingly, the judgment must be reversed, the plea vacated, and the matter remitted to the County Court, Orange County, for further proceedings on the indictment.

The defendant's remaining contentions have been rendered academic in light of our determination. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.