■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SOLANO, Appellant. [26 NYS3d 158]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered February 26, 2013, as amended March 13, 2014, convicting him of attempted burglary in the second degree and criminal trespass in the second degree under indictment No. 9070/10, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered February 26, 2013, as amended March 13, 2014, and October 16, 2014, convicting him of attempted burglary in the second degree and criminal trespass in the second degree under indictment No. 3542/11, upon his plea of guilty, and imposing sentence.

Ordered that the judgments, as amended, are reversed, on the law, the pleas are vacated, and the matters are remitted to the Supreme Court, Kings County, for further proceedings on the indictments.

When an "unlawful sentence is the product of a negotiated plea agreement, and the sentencing court is unable to fulfill its sentence promise due to the illegality of that sentence, the appropriate remedy is to give the defendant the opportunity to either accept an amended lawful sentence or withdraw his plea of guilty and be restored to pre-plea status" (*People v Hollis*, 309 AD2d 764, 765 [2003]; *see People v Tellier*, 76 AD3d 684, 684 [2010]).

Here, on March 13, 2014, the defendant appeared in court to have his sentences amended under each indictment number because the previously imposed sentences were illegal. The defendant requested an opportunity to withdraw his pleas, and the Supreme Court denied his request. As the People correctly concede, the Supreme Court should have granted the defendant's request, as the unlawful sentences previously imposed were the product of a negotiated plea agreement, and the court was unable to fulfill its sentence promise (*see People v Catu*, 4 NY3d 242 [2005]; *People v Tellier*, 76 AD3d 684 [2010]; *People v Hollis*, 309 AD2d 764 [2003]). Accordingly, we reverse the judgments, vacate the pleas of guilty, and remit the matters to the Supreme Court, Kings County, for further proceedings on the indictments. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.