# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

628

KA 15-01969

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

GREGORY GALBERTH, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered August 12, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of two counts of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]), defendant contends that County Court erred in imposing a sentence that was different from the sentence promised in the negotiated plea agreement without first affording him the opportunity to withdraw his plea.

At the time defendant entered his plea, the terms of the plea agreement provided that he would be sentenced to two to four years of incarceration for the two crimes and that the sentences for the two counts would run concurrently with each other as well as with an undischarged term of imprisonment (*see* Penal Law § 70.25 [5] [c]). At sentencing, however, defense counsel requested a conference with the court and, following that off-the-record discussion, a recess was taken. When the case was recalled, defense counsel stated that defendant's "release dates would be shorter, they'd be sooner, if [defendant] were to be sentenced to an indeterminate term of one-and-a-half to three consecutive to his current term." Defense counsel also noted, however, that defendant's parole eligibility date would be extended. At defense counsel's request, the court agreed to sentence defendant to two terms of incarceration of 1½ to 3 years, to run concurrently with each other but consecutively to the undischarged term of imprisonment.

We agree with defendant that, even assuming, arguendo, his waiver of the right to appeal is valid, it would not preclude his challenge to the modified sentence (*see People v Donnelly*, 80 AD3d 797, 798; *People v Baxter*, 302 AD2d 950, 951, *lv denied* 99 NY2d 652). Nevertheless, we agree with the People that defendant is precluded from challenging the modification to the sentence.  Defendant, through counsel, requested the change in sentence and, when questioned about that change, did not object to it.  In our view, defendant waived his current challenge to the modified sentence.  He intentionally relinquished a known right, i.e., the right to be sentenced in accordance with the original terms of the plea agreement (*see generally People v Ahmed*, 66 NY2d 307, 311, *rearg denied* 67 NY2d 647, citing *Johnson v Zerbst*, 304 US 458, 464-465; *People v Simmons*, 167 AD2d 924, 924, *lv denied* 77 NY2d 843).

In any event, we conclude that defendant's contention is not preserved for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).  Defendant had ample time and opportunity to preserve his contention, i.e., by objecting or moving to withdraw his plea at the time of sentencing or by thereafter moving to vacate his conviction, but he failed to do so (*see People v Sepulveda*, 198 AD2d 66, 66, *lv denied* 82 NY2d 930; *cf. People v Rivera*, 126 AD3d 728, 729, *lv denied* 25 NY3d 1206).

Entered:  April 28, 2017                           Frances E. Cafarell
                                                   Clerk of the Court