People v Rodriguez (2022 NY Slip Op 01048)





People v Rodriguez


2022 NY Slip Op 01048


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2020-09749
 (Ind. No. 886/18)

[*1]The People of the State of New York, respondent,
v
Lino Rodriguez, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and David L. Glovin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Robert A. McDonald, J.), rendered December 4, 2019, convicting him of sexual abuse in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of sexual abuse in the second degree, upon his plea of guilty. The defendant was sentenced, in accordance with the plea agreement, to a six-year term of probation. On appeal, the defendant contends that his plea of guilty was not knowingly, intelligently, or voluntarily entered because, although he was aware of the term of probation, the County Court failed to advise him of the consequences in the event that he violated the conditions of his probation supervision.
Initially, this contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Coverdale, 189 AD3d 1610, 1610-1611; People v Murray, 186 AD3d 625). In addition, the exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (see People v Barrow, 187 AD3d 1034, 1034-1035).
In any event, the defendant's contention is without merit. "Trial courts are required to advise defendants who enter guilty pleas of the 'direct consequences' of their plea, but are not required to iterate every 'collateral consequence' of the convictions" (People v Monk, 83 AD3d 35, 37, affd 21 NY3d 27, quoting People v Harnett, 16 NY3d 200, 205-206; see People v Gravino, 14 NY3d 546, 553-554). "A direct consequence is one which has a definite, immediate and largely automatic effect on [a] defendant's punishment" (People v Monk, 83 AD3d at 37 [internal quotation marks omitted]). "By contrast, collateral consequences are peculiar to the individual and generally result from the actions taken by agencies [that] the court does not control" (id. at 38 [internal quotation marks omitted]).
Here, while the imposition of a term of probation is a direct consequence of the [*2]defendant's plea (see People v Harnett, 16 NY3d at 205), the consequences of violating a term of probation are merely collateral, and thus, the County Court was under no obligation to so advise the defendant (see People v Gravino, 14 NY3d 546, 559). Indeed, the ramifications of violating the conditions of probation supervision are subject to the discretion of local probation departments whether to pursue a declaration of delinquency (see CPL 410.30), and, thus, are "'peculiar to the individual' and the product of 'actions taken by agencies the court does not control'" (People v Monk, 21 NY3d 27, 33, quoting People v Ford, 86 NY2d 397, 403). Moreover, any such consequences are "speculative at the time of the guilty plea" (People v Monk, 21 NY3d at 33), are not "definite, immediate and largely automatic" (id. [internal quotation marks omitted]; see CPL 410.70[5]), and do not constitute a "'core component[ ]'" of the sentence imposed on the defendant by the court to fulfill the bargain struck by the parties (People v Monk, 21 NY3d at 33, quoting People v Harnett, 16 NY3d at 205).
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court