■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL JOHNSON, Also Known as NORRIS FOY, Appellant. [679

NYS2d 361] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered January 30, 1996, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and also convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's contention that evidence of defendant's post-arrest refusal to answer administrative pedigree questions was improperly admitted because its prejudicial effect outweighed its probative value is unpreserved for review, and we decline to reach the argument in the interest of justice (*People v Graves*, 85 NY2d 1024). Were we to review the claim, we would find that defendant's refusal to give his name or other pedigree information to the police was properly admitted as evidence of his consciousness of guilt (*see*, *People v Rivera*, 234 AD2d 19, *lv denied* 89 NY2d 1040; *People v Theiss*, 198 AD2d 17, 18, *lv withdrawn* 82 NY2d 931).

We reject defendant's alternative theory that admitting testimony regarding his failure to respond to pedigree questions violated his constitutional guarantee against self-incrimination. Routine pedigree questioning serves important administrative purposes, and warnings pursuant to *Miranda v Arizona* (384 US 436) are not required (*see*, *Pennsylvania v Muniz*, 496 US 582, 600-602; *People v Rodney*, 85 NY2d 289). The pedigree questions asked defendant in the instant case were reasonably related to administrative concerns and admitting testimony regarding defendant's refusal to respond to these questions did not impinge upon defendant's constitutional rights (*see*, *People v Rodney*, *supra*, 85 NY2d, at 293-294; *see also*, *People v Hall*, 199 Cal App 3d 914, 918-921, 245 Cal Rptr 458, 460-462). Moreover, there was other admissible evidence conveying the same information, and other compelling evidence of defendant's guilt (*see*, *People v Quinones*, 247 AD2d 216, *lv denied* 91 NY2d 1011).

We find that the use of defendant's alias in the indictment caption was necessitated by his failure to provide his name to the police, and that the court did not err in deciding not to amend the caption upon learning defendant's purportedly real name on the eve of trial. In any event, defendant suffered no prejudice as a result of the indictment caption since he does not claim that his decision to testify was influenced by the caption, and because his own testimony explored both his criminal background and use of aliases. Moreover, the court appropriately instructed the jury regarding the nonevidentiary

nature of the indictment, vitiating any potential prejudice. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.