[825 NE2d 1081, 792 NYS2d 887]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLFO CATU, Appellant.

Argued February 15, 2005; decided March 24, 2005

## POINTS OF COUNSEL

*Kevin J. Keating,* Garden City, and *Laurie S. Hershey* for appellant. I. As mandatory postrelease supervision is a direct consequence of a guilty plea, the absence of any advisement that the plea subjected appellant to this five-year term of supervision—with the possibility of significant further incarceration—violated appellant's due process rights. Further, the harmless error doctrine should have no application to the failure to advise defendants of significant direct consequences of their pleas. (*North Carolina v Alford,* 400 US 25; *Boykin v Alabama,* 395 US 238; *People v Ford,* 86 NY2d 397; *Brady v United States,* 397 US 742; *People v Loudenslager,* 2 AD3d 1220; *People v Grose,* 2 AD3d 1211; *People v Hamilton,* 6 AD3d 979; *Ferguson v United States,* 513 F2d 1011; *People v Selikoff,* 35 NY2d 227, 419 US 1122; *Santobello v New York,* 404 US 257.) II. Trial counsel was ineffective in failing to inform appellant about postrelease supervision before he entered his guilty plea. (*Hill v Lockhart,* 474 US 52; *McMann v Richardson,* 397 US 759; *United States v Gordon,* 156 F3d 376; *People v Butler,* 94 AD2d 726; *Ventura v Meachum,* 957 F2d 1048; *Nelson v Callahan,* 721 F2d 397; *Strickland v Washington,* 466 US 668; *People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137.)

*Robert M. Morgenthau, District Attorney,* New York City (*Beth Fisch Cohen* and *Donald J. Siewert* of counsel), for respondent. I. Defendant's guilty plea was knowing and voluntary, notwithstanding the absence of specific information about postrelease supervision. The motion to vacate judgment was properly denied since defendant failed to establish that he would have proceeded to trial had he been informed about the supervision. (*People v Ford,* 86 NY2d 397; *People v Harris,* 61 NY2d 9; *Boykin v Alabama,* 395 US 238; *North Carolina v Alford,* 400 US 25; *People v Fiumefreddo,* 82 NY2d 536; *People v Latham,* 90 NY2d 795; *People v Kingston,* 246 AD2d 316; *People v Mitchell,* 121 AD2d 403; *People v Edwards,* 96 AD2d 610; *People v Sirianni,* 89 AD2d 775.) II. Defendant received effective assistance of counsel with regard to his guilty plea. (*Strickland v Washington,* 466 US 668; *People v McDonald,* 1 NY3d 109; *Hill v Lockhart,* 474 US 52; *People v Henry,* 95 NY2d 563; *People v Benevento,* 91 NY2d 708;

*People v Baldi,* 54 NY2d 137; *People v Ford,* 86 NY2d 397; *Ventura v Meachum,* 957 F2d 1048.)

**OPINION OF THE COURT**

Chief Judge KAYE.

Indicted for robbery in the second degree, feloniously operating a motor vehicle while under the influence of alcohol and related charges, defendant pleaded guilty to attempted robbery in the second degree and operating a motor vehicle while under the influence of alcohol, as a felony, in exchange for an aggregate determinate sentence of three years in state prison and a $1,000 fine. Because defendant was a second felony offender, his sentence included a mandatory period of five years' postrelease supervision, of which he was not advised by the court. We conclude that this failure to advise defendant of a direct consequence of his conviction requires that his plea be vacated.

While a trial court has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions, the court must advise a defendant of the direct consequences of the plea (*see People v Ford,* 86 NY2d 397 [1995]). Collateral consequences "are peculiar to the individual and generally result from the actions taken by agencies the court does not control" (*id.* at 403). A direct consequence "is one which has a definite, immediate and largely automatic effect on defendant's punishment" (*id.*).

Postrelease supervision is a direct consequence of a criminal conviction. In eliminating parole for all violent felony offenders in 1998, the Legislature enacted a scheme of determinate sentencing to be followed by periods of mandatory postrelease supervision (*see* L 1998, ch 1 [Jenna's Law]), and defined each determinate sentence to "also include[ ], as a part thereof, an additional period of post-release supervision" (Penal Law § 70.45 [1]; *see also* Senate Mem in Support, 1998 McKinney's Session Laws of NY, at 1489 [describing postrelease supervision as "a distinct but integral part of the determinate sentence"]). Whereas the term of supervision to be imposed may vary depending on the degree of the crime and the defendant's criminal record (*see* Penal Law § 70.45 [2]), imposition of supervision is mandatory and thus "has a definite, immediate and largely automatic effect on defendant's punishment."

"A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what

the plea connotes and its consequences" (*Ford*, 86 NY2d at 402-403 [citations omitted]). Although the court is not required to engage in any particular litany when allocuting the defendant, "due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (*id.* at 403 [citations and internal quotation marks omitted]).

Postrelease supervision is significant. Upon release from the underlying term of imprisonment, a defendant must be furnished with a written statement setting forth the conditions of postrelease supervision in sufficient detail to provide for the defendant's conduct and supervision (*see* Penal Law § 70.45 [3]). In addition to supervision by and reporting to a parole officer, postrelease supervision may require compliance with any conditions to which a parolee may be subject (*see id.*), including, for example, a curfew, restrictions on travel, and substance abuse testing and treatment. Moreover, postrelease supervision may require up to six months of participation in a residential treatment facility immediately following release from the underlying term of imprisonment (*see id.*; Correction Law § 2 [6]). A violation of a condition of postrelease supervision can result in reincarceration for at least six months and up to the balance of the remaining supervision period, not to exceed five years (*see* Penal Law § 70.45 [1]).

Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction. The refusal of the trial court and Appellate Division to vacate defendant's plea on the ground that he did not establish that he would have declined to plead guilty had he known of the postrelease supervision was therefore error (*see also People v Coles*, 62 NY2d 908, 910 [1984] ["harmless error rules were designed to review trial verdicts and are difficult to apply to guilty pleas"]).

In light of this result, we do not reach defendant's alternative claim of ineffective assistance of counsel.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.