(November 30, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KRUG, Appellant. [824 NYS2d 499]—

Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 19, 2002, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

In June 2001, defendant entered the HSBC Bank on Second Avenue in the City of Troy, Rensselaer County, carrying a loaded firearm, and handed a teller a note asserting that he was in possession of a letter bomb and that he was prepared to take hostages unless given all the money in the bank's vault. Defendant then left the bank without having obtained any money and was arrested soon thereafter. As a consequence, defendant was indicted and charged with two counts of attempted robbery in the first degree, one count of criminal possession of a weapon in the third degree and one count of criminal use of a firearm in the second degree. Defendant ultimately pleaded guilty to one count of attempted robbery in the first degree in satisfaction of the charges then pending against him. Pursuant to a plea agreement, defendant was advised that the range of sentence was to be not less than 9 nor more than 12 years.

Following defendant's plea, he failed to appear for sentencing and County Court issued a bench warrant. Thereafter, defendant was apprehended in California and returned to New York for sentencing. Defendant then was sentenced to 15 years imprisonment with five years postrelease supervision. Defendant now appeals.

We reverse. The record makes plain that at no time during the plea allocution was defendant advised of the postrelease component of the determinate sentence that he was to receive and, thus, his plea must be vacated (*see People v Catu*, 4 NY3d 242, 245 [2005]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.