The People of the State of New York, Respondent, v William Hogue, Appellant. [871 NYS2d 21]—

Although defendant's conviction required the imposition of a term of postrelease supervision (PRS), the court did not mention PRS during the plea allocution (*see People v Catu*, 4 NY3d 242 [2005]), and failed to impose any term of PRS at sentencing, either orally or otherwise (*see People v Sparber*, 10 NY3d 457 [2008]). However, defendant did not raise any issue relating to PRS on his direct appeal to this Court. Defendant was not entitled to raise, by way of a CPL 440.10 motion, a claim that the lack of a warning that his sentence would include PRS rendered the plea involuntary under *Catu*, because "the omission at issue is clear from the face of the record" (*People v Louree*, 8 NY3d 541, 546 [2007]; *see also People v Cooks*, 67 NY2d 100 [1986]; CPL 440.10 [2] [c]). *People v Hill* (9 NY3d 189 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]) is not to the contrary, as the issue there was raised on direct appeal. There was no impediment to defendant raising this issue on his direct appeal, and to the extent he contends the attorney who represented him on that appeal rendered ineffective assistance, that claim would require a coram nobis motion addressed to this Court (*see People v Cuadrado*, 37 AD3d 218, 223 [2007], *affd* 9 NY3d 362 [2007]).

Nevertheless, defendant's sentence is presently unlawful because it does not include a period of PRS. Since, as indicated, defendant's *Catu* claim is procedurally barred because he did not raise it on direct appeal, he is not entitled to withdraw his plea at resentencing, regardless of whether PRS is actually imposed or, on consent of the People pursuant to Penal Law § 70.85, omitted from the sentence. Concur—Friedman, J.P., Sweeny, McGuire, Renwick and Freedman, JJ.