OPINION OF THE COURT
Per Curiam.
Judgment, rendered September 27, 2006, reversed, on the law, the plea vacated, the information reinstated, and the matter remanded to Criminal Court for further proceedings. Appeal from order, entered on or about March 1, 2007, denying defendant’s CPL 440.10 motion, dismissed as academic.
In order for a guilty plea to be entered knowingly, intelligently and voluntarily, a defendant must be advised of the direct consequences of the plea (see People v Ford, 86 NY2d 397, 403 [1995]). Although there is no mandatory catechism, a minimum requirement for a valid plea is that the defendant understands the direct penal consequences (see People v Catu, 4 NY3d 242 [2005]). Here, the plea minutes show that the court misinformed defendant of the nature and duration of the requisite driver’s license sanction, erroneously stating that the sentence would include a 90-day license suspension, when in fact the mandatory sanction was a one-year license revocation. While in some jurisdictions the loss of a driver’s license “result[s] from the actions taken by agencies the court does not control,” and thus is considered a collateral consequence (People v Ford, 86 NY2d at 403, citing Moore v Hinton, 513 F2d 781 [5th Cir 1975]), the license sanction here involved constituted punishment directly imposed by the court as a result of defendant’s guilty plea (see Vehicle and Traffic Law § 1193 [2] [a], [b]), and was thus a direct consequence of the plea. The court’s error is not subject to harmless error analysis (see People v Hill, 9 NY3d 189, 192 [2007], cert denied 552 US —, 128 S Ct 2430 [2008]), and renders the plea invalid.
McKjeon, PJ., and Schoenfeld, J, concur.