■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER T. WALKER, JR., Appellant. (Appeal No. 1.) [885 NYS2d 693]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 1, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the

matter is remitted to Niagara County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from two judgments convicting him, respectively, upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and upon his plea of guilty of attempted criminal possession of a controlled substance in the fifth degree (§§ 110.00, 220.06 [5]). We agree with defendant that reversal and vacatur of the pleas is required because County Court sentenced him to postrelease supervision as a component of each sentence but failed to advise him at the time of the plea proceedings of the period of postrelease supervision that would be imposed at sentencing (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Dean*, 52 AD3d 1308 [2008], *lv denied* 11 NY3d 736 [2008]). In light of our determination, we need not address defendant's remaining contentions. Present—Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.