THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GRAY, Appellant. [898 NYS2d 24]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 4, 2008, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 3¹/₂ years, and order, same court and Justice, entered on or about November 12, 2008, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The record establishes that defendant knowingly, intelligently and voluntarily pleaded guilty. After sufficient inquiry, the court properly denied defendant's motion to withdraw his plea (*see People v Frederick*, 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo*, 82 NY2d 536, 544 [1993]). The record of the plea allocution and other proceedings, and the reasonable inferences to be drawn

therefrom, refute defendant's assertion that he did not understand what was meant by an agency defense, or that his attorney gave him inadequate advice on that subject.

Defendant's other challenge to the voluntariness of his plea is without merit. During the plea allocution, the court expressly advised defendant that his sentence would include a three-year term of postrelease supervision, and it imposed that term at sentencing. This satisfied the requirements of *People v Catu* (4 NY3d 242 [2005]), and defendant was not entitled to be informed about postrelease supervision at any earlier stage of the proceedings.

The additional claims in defendant's pro se supplemental brief are both procedurally defective and without merit. Concur—Tom, J.P., Andrias, Sweeny, Nardelli and Renwick, JJ.