Martoche, J.E, and Garni, J. (dissenting).
We respectfully dissent. Contrary to the majority’s characterization of the document on appeal, we conclude that this is not an appeal from a resentence. Rather, in our view, defendant is appealing from an order that denied in part his motion made pursuant to CPL 440.20. Thus, defendant would be required to seek leave to appeal pursuant to CPL 450.15 (2), which defendant did not do here. We decline to treat this appeal as a request for leave to appeal and conclude that, for the reasons stated herein, we would dismiss the appeal.
A description of the background of this appeal is necessary to determine the proper characterization of the document on appeal. In 2003, defendant entered two guilty pleas for burglary in the second degree, in Herkimer County and Oneida County, respectively. The pleas were entered in satisfaction of unrelated charges in each county, but based on the negotiations between the prosecutors in both counties and defendant, and with the permission of the respective County Courts, the sentences imposed were directed to run concurrently with respect to each other. According to the terms of the plea agreement with respect to both pleas, Oneida County Court would sentence defendant to a determinate term of incarceration of 15 years and a period of five years of postrelease supervision (PRS), and Herkimer County Court would sentence defendant to a determinate term of incarceration of “[flifteen years flat.” Indeed, Herkimer County Court informed defendant on several occasions during the plea proceeding that he would receive a determinate term of incarceration of 15 years “flat,” and defendant agreed to waive his right to appeal. At sentencing in *792 Herkimer County, defendant was sentenced to 15 years and was ordered to pay restitution in the amount of $1,144.32. Defendant acknowledged that restitution was being imposed as part of the sentence and that a judgment in that amount would be entered against him. Herkimer County Court did not mention a period of PRS.
Defendant did not perfect his appeal from the judgment of Herkimer County Court, and in 2005 we denied the motion of defendant to extend his time to perfect his appeal from that judgment. Defendant then made a CPL article 440 motion, contending that he was not notified of the period of PRS or that restitution was being imposed. The motion was denied, and in November 2005 defendant sought leave to appeal from the order denying that motion. We denied defendant’s request for leave to appeal. Thus, defendant has had the opportunity on two occasions to raise the restitution issue before this Court, and on both occasions we have refused to consider that issue, by denying his motion to extend the time in which to perfect his appeal from the judgment of Herkimer County Court and by denying his request for leave to appeal from the order denying his CPL article 440 motion. Additionally, although the waiver by defendant of his right to appeal does not encompass his challenge to the restitution ordered because there is no indication in the record before us that restitution was included in the terms of the plea agreement, defendant’s challenge to the restitution ordered was not preserved for our review because at sentencing defendant did not request a hearing on restitution or object to the amount ordered (see People v Jorge N.T., 70 AD3d 1456 [2010], lv denied 14 NY3d 889 [2010]). This Court would have had the power to review such a challenge as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), but such a challenge would not have come before this Court as a matter of law.
After we denied defendant’s request for leave to appeal from the order denying the CPL article 440 motion, which challenged both the period of PRS and the imposition of restitution, defendant moved pro se in Herkimer County Court (hereafter, County Court) seeking to vacate his sentence under CPL 440.20. Included in his motion papers was a form entitled “Waiver of Counsel,” which set forth that defendant waived and rejected any assigned counsel with respect to any proceedings or hearings to be conducted in connection with his CPL 440.20 motion and that he was “fully aware of his right to have an attorney present, on his behalf, during any proceedings related to this matter, and [did] knowingly, voluntarily, and intelligently, reject *793 any assigned counsel.” County Court indicated that it accepted the executed waiver of counsel and advised defendant that “in the event you wish counsel, please advise the Court immediately.” County Court, with the consent of the prosecutor, granted defendant’s motion only in part, ordering that there would be no period of PRS to be served upon defendant’s release from jail, based on the mandate of People v Catu (4 NY3d 242 [2005]). Thus, because County Court granted that part of defendant’s CPL 440.20 motion with respect to PRS and denied that part of the motion with respect to restitution, a new certificate of conviction was required to be entered, reflecting that defendant was now receiving a lesser sentence than the sentence originally imposed, namely, a sentence that did not include PRS.
We note that the document from which defendant appeals is entitled “record of conviction.” It is signed by a senior court office assistant and sets forth that defendant was sentenced on February 10, 2003 to 15 years in state prison and was ordered to pay $1,144.32 in restitution. The majority views the appeal to be one from a resentencing. We note, however, that CPL 440.20 is available to set aside a sentence “upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law” (CPL 440.20 [1] [emphasis added]). The statute further provides that such a motion must be denied if “the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue” (CPL 440.20 [2]). With respect to the PRS component of defendant’s sentence, that is precisely the scenario here. Catu was decided subsequent to the imposition of defendant’s original sentence, and thus defendant was legally entitled to be resentenced without the PRS component of the original sentence. With respect to the restitution portion of the sentence, however, defendant had no legal right to relief from the imposition of that component of the sentence and, as previously noted, had an opportunity to convince this Court to consider the issue of restitution as a matter of discretion in the interest of justice on two previous occasions. Thus, because this is not in our view an appeal from a resentence but, rather, this is an appeal from an order denying in part defendant’s motion pursuant to CPL 440.20, we do not believe that an appeal lies as of right, and we would decline to grant defendant leave to appeal based on the papers before us and therefore would dismiss the appeal (see CPL 450.15 [2]).
We also note, without further comment, that the Herkimer *794 County judgment originally entered, ordering defendant to pay restitution, has been fully satisfied, and that an order has been entered discharging the judgment.
Under the scenario presented here, we believe that the majority’s decision extends the right to counsel well beyond previously enunciated legal parameters. While we have no dispute with the majority’s discussion of the requirement that a court ascertain whether a defendant has made a knowing, voluntary and intelligent waiver of his right to counsel before allowing the defendant to proceed pro se, we note that the cases cited by the majority all involve a defendant’s right to counsel up to the time of conviction. The United States Supreme Court has stated that there is no “constitutional right to counsel when mounting collateral attacks upon . . . convictions” and that the right to appointed counsel extends only to the first appeal as of right (Pennsylvania v Finley, 481 US 551, 555 [1987]). Thus, under CPL article 440, “there is no provision for an absolute right to counsel, absent a factual hearing, . . . [and assignment of counsel other than for an evidentiary hearing is discretionary in . . . article 440 proceedings” (People ex rel. Anderson v Warden, N.Y. City Correctional Inst, for Men, 68 Misc 2d 463, 470 [1971]; see People v Lopez, 14 Misc 3d 1223[A], 2006 NY Slip Op 52547[U], *10-11 [2006]). Judiciary Law § 35 (1) (a) and (b) authorize appointment of counsel for writs of habeas corpus and appeals, not for CPL article 440 motions, and County Law § 722 (4) provides that counsel may be appointed on a CPL article 440 motion “when a hearing has been ordered.” Given the clear mandate of Catu, there was of course no hearing here, and thus defendant had no right to counsel. Assuming that the majority is incorrect in characterizing this as an appeal from a resentence rather than as an appeal from an order denying a pro se CPL article 440 motion, we conclude that the ultimate result of the majority’s decision is that counsel would be required to be appointed upon the filing of every such motion. We do not believe that this Court should so extend the law. Present—Martoche, J.P., Fahey, Garni, Sconiers and Green, JJ.