■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST NELSON, Appellant. [935 NYS2d 513]—

At the time of the plea, the court advised defendant of the prison sentences he might receive if he violated the terms of his written plea agreement. The court, however, did not reference the imposition of postrelease supervision (PRS) as a component of the alternate sentence. Under *People v Catu* (4 NY3d 242, 244-245 [2005]), PRS was a direct consequence of the plea notwithstanding that defendant could have earned a misdemeanor disposition had he complied with the agreement (*see People v McAlpin*, 17 NY3d 936 [2011]). Accordingly, he is entitled to vacatur of his plea as not knowing and voluntary. Moreover, defendant was not required to preserve the instant *Catu* claim because the court did not inform him of his exposure to PRS until sentence was imposed (*see id.*).

We find it unnecessary to reach any other issues. Concur—Tom, J.P., Mazzarelli, Friedman, Renwick and DeGrasse, JJ.