THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTINEZ, Appellant. [977 NYS2d 917]—

Contrary to the defendant's contention, his plea of guilty was entered voluntarily, knowingly, and intelligently (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]). The defendant acknowledged during the plea proceeding that he was aware of the postrelease supervision component of his sentence (*see generally People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Hall, Roman and Cohen, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MAXWELL, Appellant. [977 NYS2d 919]—

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Mastro, Rivera and Skelos, JJ., concur.