# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**272**

**KA 13-01070**

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CAMERON S. RIVES, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 13, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, robbery in the second degree, burglary in the first degree, burglary in the second degree, assault in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Cattaraugus County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that reversal is required because County Court failed to advise him at the time of his plea that his sentence would include a period of postrelease supervision (PRS). At an appearance prior to his plea, PRS was mentioned without specification of the term thereof, and specific terms of PRS were mentioned at two subsequent appearances. At the time of defendant's plea, PRS was not mentioned, and it was not until the conclusion of the sentencing hearing that County Court informed defendant of the term of PRS.

We agree with defendant that reversal is required. Contrary to the People's contention, defendant was not required to preserve for our review his challenge to the imposition of PRS under these circumstances. "A defendant cannot be expected to object to a constitutional deprivation of which [he] is unaware . . . [W]here the defendant was only notified of the PRS term at the end of the sentencing hearing, the defendant 'can hardly be expected to move to withdraw [the] plea on a ground of which [he or she] has no knowledge' . . . And, in that circumstance, the failure to seek to withdraw the plea or to vacate the judgment does not preclude appellate review of

the due process claim" (*People v Turner*, 24 NY3d 254, 258). Furthermore, "[b]ecause a defendant pleading guilty to a determinate sentence must be aware of the [PRS] component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245). "[T]he record does not make clear, as required by *Catu*, that at the time defendant took his plea, he was aware that the terms of the court's promised sentence included a period of PRS" because only the term of incarceration of 20 years was stated on the record (*People v Cornell*, 16 NY3d 801, 802). While a term of PRS was mentioned earlier in the plea negotiations, it is undisputed that there was no mention of PRS at the plea proceeding and, based on our review of the record, we conclude that defendant was not "advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding" (*People v Murray*, 15 NY3d 725, 727). We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. In light of our determination, we do not reach defendant's remaining contention.

Entered:  March 20, 2015                    Frances E. Cafarell
                                            Clerk of the Court