■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENITH AGARD, Appellant. [8 NYS3d 125]—Order, Supreme Court, New York County (Renee A. White, J.), entered on or about September 23, 2011, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, the motion granted and the matter remanded for a new second violent felony offender adjudication and sentencing.

Defense counsel rendered ineffective assistance at the underlying sentencing proceeding by failing to ascertain that, in violation of *People v Catu* (4 NY3d 242 [2005]), defendant was not advised about postrelease supervision at the time of his prior plea, and by failing to litigate whether the *Catu* violation rendered the prior conviction unconstitutional for predicate felony purposes (*see People v Fagan*, 116 AD3d 451 [1st Dept 2014]).

The People take the position that, as a matter of law, the *Catu* error does not prevent the prior conviction from being used as a predicate felony, and that therefore it would have been futile for sentencing counsel to have argued otherwise. In support of this position, the People assert that a *Catu* error is not a federal constitutional violation under CPL 400.15 (7) (b),

and they also assert that such an error does not affect the predicate status of the conviction in light of the retroactivity principle set forth in *People v Catalonotte*, 72 NY2d 641, 644-645 [1988]). However, these arguments are unpreserved (*see People v Santiago*, 91 AD3d 438, 439 [1st Dept 2012]), and we decline to address the merits of these issues on this appeal. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels and Clark, JJ.