■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LARA, Appellant. [13 NYS3d 74]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at preclusion motion; Marcy L. Kahn, J., at suppression hearing; Laura A. Ward, J., at jury trial and sentencing), rendered July 31, 2012, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding for new persistent violent felony offender proceedings and resentencing in accordance with this decision, and otherwise affirmed. Order, same court and Justice, entered December 2, 2013, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, and the motion granted as indicated above.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). A reasonable interpretation of the victim's testimony, taken together with defendant's own trial testimony about the incident, supports an inference that defendant made an unlawful entry into the victim's apartment that was separate from defendant's prior consensual entry. The jury could have reasonably concluded that defendant went out

of the apartment, but struggled with the victim in the doorway in an effort to reenter, and that defendant intruded into the apartment to an extent that satisfied the unlawful entry element of burglary (*see People v King*, 61 NY2d 550, 555 [1984]). The jury could also have found, based on defendant's violent and unlawful course of conduct, and without resort to speculation, that the defendant reentered with intent to commit a crime in the apartment.

The court's charge, viewed as a whole, adequately conveyed the proper legal standards relating to the elements of burglary and the jury's evaluation of witness credibility (*see People v Drake*, 7 NY3d 28, 33-34 [2006]), and the court's refusal to add language suggested by defendant did not deprive defendant of a fair trial. The court sufficiently explained the criminal intent element of burglary, and elaboration on this point would not have been helpful to the jury. The court's thorough instructions on assessing the credibility of witnesses listed interest or lack of interest as only one of many factors to weigh. Although the court omitted the specific language that the jury was not required to reject the testimony of an interested witness or accept that of a disinterested witness, there is no possibility that the jurors, after hearing the entire charge, could have been misled on this issue.

The court properly denied defendant's motion to preclude identification testimony on the ground of lack of CPL 710.30 (1) (b) notice. The chain of events leading directly to the crime began when defendant and the victim met in a store and agreed to go to the victim's apartment. Shortly after the crime, the police showed the victim a store surveillance videotape depicting both defendant and the victim. Although the video only showed the very beginning of the events leading up to the crime, rather than the crime itself, the victim's viewing of the video did not constitute an identification requiring notice, because the victim, who was depicted together with defendant in the relevant portion, was "simply ratifying the events as revealed in the videotape" rather than selecting defendant as the perpetrator (*see People v Gee*, 99 NY2d 158, 162 [2002]). Moreover, although the video was played for the jury, the People neither intended to offer it as evidence of an identification, nor actually did so.

We have considered defendant's various arguments regarding the suppression decision, and we find no basis for reversal.

Defense counsel rendered ineffective assistance at defendant's persistent felony offender adjudication by failing to ascertain that, in violation of *People v Catu* (4 NY3d 242 [2005]), defendant was not advised about postrelease supervi-

sion at the time of a prior plea, and by failing to litigate whether the *Catu* violation rendered the prior conviction unconstitutional for predicate felony purposes (*see People v Fagan*, 116 AD3d 451 [2014]). In the present procedural posture, as in *Fagan*, we do not decide the underlying issue of whether a *Catu*-violative conviction may serve as a predicate felony (*see People v Agard*, 127 AD3d 602 [1st Dept 2015]). We only hold that defendant is entitled to a hearing on the issue at which counsel can fully develop a record and arguments.

Defendant's excessive sentence claim is academic because we are ordering a plenary sentencing proceeding. Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.