■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v RONI SMITH, Appellant-Respondent. [17 NYS3d 701]—

Judgment of resentence, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 14, 2015, resentencing defendant, as a first felony offender, to a term of seven years, with five years' postrelease supervision, and bringing up for review an order (same court and Justice), entered on or about December 17, 2014, which granted defendant's CPL 440.20 motion to set aside his sentence, unanimously modified, as an exercise of discretion in the interest of justice, to the extent of reducing the sentence to a term of six years, with five years' postrelease supervision, and otherwise affirmed.

The People's appeal presents the issue of whether a conviction by guilty plea is unconstitutional for predicate felony purposes if the defendant was not advised at the time of the plea that the sentence would include postrelease supervision, particularly if the plea was accepted before the Court of Appeals decided *People v Catu* (4 NY3d 242 [2005]). This Court has declined to reach this issue on prior appeals (*see e.g. People v Lara*, 130 AD3d 463 [1st Dept 2015]), given procedural considerations. Initially, we reject defendant's assertion that the People failed to preserve their present arguments on this issue.

CPL 400.15 (7) (b) provides: "A previous conviction . . . which was obtained in violation of the rights of the defendant under the applicable provisions of *the constitution of the United States* must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction" (emphasis added). Because a conviction obtained in violation of *Catu* implicates rights under the federal Constitution as well as the state constitution (*see Catu*, 4 NY3d at 245, citing *People*

*v Ford*, 86 NY2d 397 [1995] [which cited, among other things, *Boykin v Alabama*, 395 US 238 (1969)]; *see also People v Pignataro*, 22 NY3d 381, 386 n 3 [2013]; *People v Peque*, 22 NY3d 168, 176 [2013]), the court properly granted defendant's CPL 440.20 motion and vacated his sentence as a second violent felony offender on the ground that his 2002 conviction could not be counted as a predicate felony under CPL 400.15 (7) (b).

The underlying conviction preceded the *Catu* decision. However, contrary to the People's contention, we find that the rule of law announced in *Catu* applies retroactively to pre-*Catu* convictions (*see Pignataro*, 22 NY3d 381; *People v Province*, 47 Misc 3d 286, 299-303 [Sup Ct, NY County 2015]).

Turning to defendant's cross-appeal, on the ground of excessiveness, from the judgment of resentence, we find the resentence excessive to the extent indicated, given that defendant has been resentenced as a first felony offender, and in light of the compelling mitigating factors cited. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.