■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN NELSON, Appellant. [21 NYS3d 32]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered April 4, 2011, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly denied defense counsel's challenge for cause to a prospective juror, a physician who at first indicated that he might share his expertise regarding emergency room medical records with other members of the jury. The panelist's subsequent assurance to the court that he would do his best to adhere to the court's instructions was sufficiently unequivocal to justify the denial of the challenge (*see People v LaValle*, 3 NY3d 88, 104 [2004]; *People v Arnold*, 96 NY2d 358 [2001]).

The admission on the People's direct case of evidence that defendant refused to give his name in response to pedigree questioning, refused to be fingerprinted, and was agitated upon being arrested did not violate his constitutional right against self-incrimination (*see People v Rodney*, 85 NY2d 289 [1995]; *People v Johnson*, 253 AD2d 702 [1st Dept 1998], *lv denied* 92 NY2d 1034 [1998]). None of this behavior can be viewed as postarrest silence, and, unlike the ambiguous smile in *People v Basora* (75 NY2d 992, 994 [1990]) it was sufficiently probative of defendant's consciousness of guilt. In any event, in light of the overwhelming evidence of guilt, any error in the receipt of this evidence was harmless under the standards for both constitutional and nonconstitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant did not preserve his claims that he was constructively absent (although physically present) during a portion of the suppression hearing, and that certain identification testimony should have been excluded, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

The court properly adjudicated defendant a persistent violent felony offender. He claims that one of the predicate felony convictions relied on to enhance his sentence was unconstitutionally obtained because the court, which imposed a sentence including postrelease supervision, did not inform him of that aspect of his sentence during the plea allocution (*see People v Catu*, 4 NY3d 242 [2005]; *People v Smith*, 132 AD3d 511 [1st Dept 2015]). Because the plea minutes have been irretrievably

lost, defendant attempts to establish the deficiency based on the sentencing minutes, other related court appearances, and on all the surrounding circumstances. However, we find that defendant has failed to meet his burden "to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained" (*People v Harris*, 61 NY2d 9, 15 [1983]), and that, given the lack of information to support defendant's assertion, there is no reason to order a hearing. Concur—Gonzalez, P.J., Tom, Mazzarelli and Manzanet-Daniels, JJ.