■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FAGAN, Respondent. [23 NYS3d 3]—

Judgment of resentence, Supreme Court, Bronx County (George R. Villegas, J.), rendered on or about May 21, 2014, resentencing defendant, as a second violent felony offender, to a term of 15 years, and order, same court and Justice, entered on or about February 13, 2015, which denied the People's CPL 440.40 motion to set aside the judgment of resentence, unanimously affirmed.

Defendant previously appealed from the underlying judgment of the same court and Justice, rendered July 6, 2010, convicting him, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, and an order of the same court and Justice, entered July 3, 2013, which denied his CPL 440.20 motion to set aside his sentence. This Court unanimously modified the judgment to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed the judgment, reversed the order, and granted defendant's motion (see 116 AD3d 451 [1st Dept 2014]). This Court agreed with defendant's argument that his counsel rendered ineffective assistance by failing to challenge the constitutionality of his 2000 New York County conviction, which was used as a predicate felony in adjudicating defendant a persistent violent felony offender, since "[i]t is undisputed that at his 2000 plea proceeding, defendant was not advised that his sentence would include postrelease supervision" (id. at 451, citing People v Catu, 4 NY3d 242 [2005]).

At a resentencing proceeding on remand from this Court's prior order, the court rejected the People's argument that defendant should remain a persistent violent felony offender in light of the 2000 conviction. Instead, the court adjudicated defendant a second violent felony offender based solely on a 1980 conviction. The People subsequently moved pursuant to CPL 440.40 to set aside the judgment of resentence. The court denied the motion, and the People appeal from that order and the judgment of resentence.

CPL 400.15 (7) (b) provides: "A previous conviction . . . which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction." The People's argument that a *Catu* error does not violate the United States Constitution is improperly raised for the first time in their reply brief, and is without merit in any event.

"[A] conviction obtained in violation of *Catu* implicates rights under the federal Constitution as well as the state constitution" (*People v Smith*, 132 AD3d 511, 511 [1st Dept 2015]). Furthermore, although the *Catu* error in this case occurred in 2000, prior to the 2005 *Catu* decision, *Catu* applies retroactively (*id.*).

Defendant's 2000 conviction was unconstitutionally obtained for purposes of its use as a predicate felony. Although the 2000 sentencing court also failed to include postrelease supervision (PRS) in its oral pronouncement of sentence (*see People v Sparber*, 10 NY3d 457 [2008]), there was nevertheless a *Catu* error, because PRS was added administratively (albeit also illegally), and defendant served more than four years of PRS, as well as being jailed for a violation thereof. The *Catu* error was not cured by subsequent events (*see Fagan*, 116 AD3d at 451), in which a PRS term was imposed judicially in 2009, and then removed in 2010 pursuant to *People v Williams* (14 NY3d 198, 219-220 [2010], *cert denied* 562 US 947 [2010]).

The motion court improperly invoked CPL 440.40 (2) in finding that this Court's prior order constituted a binding determination that defendant's 2000 conviction was obtained in violation of *Catu* and thus could not be used to enhance defendant's sentence. This Court's prior order did not decide that issue on the merits (*see People v Lara*, 130 AD3d 463, 465 [1st Dept 2015]). However, this error regarding CPL 440.40 (2) is academic in light of the foregoing discussion. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.

---

Motion to strike the People's reply brief granted to the extent of striking the argument raised for the first time therein, as indicated, and otherwise denied.