The People of the State of New York, Respondent,
against
Martin E. Niedermeier, Appellant.



Appeal, by permission, from an order of the Justice Court of the Village of Ardsley, Westchester County (Walter Schwartz, J.), dated August 15, 2014. The order, insofar as appealed from, upon granting renewal and/or reargument, adhered to a prior determination dated July 18, 2014 denying defendant's motion to vacate the judgment of conviction and withdraw his guilty plea.




ORDERED that the order, insofar as appealed from, is affirmed.
In a simplified traffic information, defendant was charged with the use of a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). The uniform traffic ticket given to defendant contained, among other things, the following advisement:
"A PLEA OF GUILTY TO THIS CHARGE IS EQUIVALENT TO A CONVICTION AFTER TRIAL. IF YOU ARE CONVICTED, NOT ONLY WILL YOU BE LIABLE TO A PENALTY, BUT IN ADDITION YOUR LICENSE TO DRIVE A MOTOR VEHICLE OR MOTORCYCLE, AND YOUR CERTIFICATE OF REGISTRATION, IF ANY, ARE SUBJECT TO SUSPENSION AND REVOCATION AS PRESCRIBED BY LAW."
Defendant signed the uniform traffic ticket and pleaded guilty to the charge by mail, thereby waiving an arraignment in person as well as the aid of counsel. The Justice Court sentenced defendant to a $90 fine.
Defendant moved, pursuant to CPL 440.10, to vacate the judgment of conviction and withdraw his guilty plea. Defendant alleged in his supporting affidavit that his guilty plea was not knowingly, voluntarily and intelligently entered. Defendant stated that the police officer who had issued the ticket to him had told him that there would be no points assessed on his license if he were to plead guilty to the instant offense. However, after he entered his guilty plea, the Department of Motor Vehicles (DMV), following a hearing, assessed five points on his license, which resulted in the revocation of his driver's license. Defendant argued that he would not have pleaded guilty if he had known that he would be assessed five points on his license and that his license would be revoked. By order dated July 18, 2014, the Justice Court denied the motion, finding, among other things, that the revocation of defendant's driver's license may have been triggered by a conviction for some other traffic violation, which had been issued after defendant had pleaded guilty in the case at bar, for which violation he had been assessed two additional [*2]points on his license.
Thereafter, defendant moved for leave to renew and/or reargue the motion. By order dated August 15, 2014, upon granting leave to renew and/or reargue, the Justice Court adhered to its prior order dated July 18, 2014.
On appeal, defendant contends, as he did in the Justice Court, that the order, insofar as appealed from, should be reversed and his motion to vacate the judgment of conviction and to withdraw his guilty plea should be granted.
At the outset, we note that the loss of a driver's license is a collateral consequence to a guilty plea of which a defendant need not be informed (see People v Peque, 22 NY3d 168, 185 [2013]; see also People v Catu, 4 NY3d 242, 244 [2005]). Here, defendant does not contend that he was not advised of the consequences of his plea, but rather that he was misadvised by the police officer that points would not be assessed to his license. Defendant's contention that the judgment of conviction should be vacated and his guilty plea withdrawn on this ground lacks merit, as the uniform traffic ticket, which defendant signed, specifically informed defendant that his license could be subject to revocation upon his conviction.
Accordingly, the order, insofar as appealed from, is affirmed.
Iannacci, J.P., and Tolbert, J., concur.
Marano, J., taking no part.
Decision Date: June 23, 2016