■ In the Matter of BRIGHTON M., a Person Alleged to be a Juvenile Delinquent, Appellant. [61 NYS3d 488]—

Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about July 24, 2015, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of attempted robbery in the second degree, menacing in the third degree (two counts), harassment in the first degree and attempted assault in the third degree, and placed him on probation for a period of two years, unanimously affirmed, without costs.

When, at the fact-finding hearing, the victim viewed a surveillance videotape depicting someone following the victim into a store, and identified that person as his assailant in the subsequent incidents, but did not identify appellant as that person, this testimony was compatible with the specific terms of the presentment agency's agreement not to introduce certain

allegedly tainted identification evidence. The victim's testimony about the videotape was not an actual identification of appellant (*see People v Lara*, 130 AD3d 463, 464 [1st Dept 2015], *lv denied* 27 NY3d 1001 [2016]), but was instead a link in a chain of circumstantial evidence establishing appellant's identity, and appellant has not established that it should have been excluded.

The fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Appellant's conduct in the principal incident had no reasonable explanation other than that he was attempting to forcibly take a cell phone or other property from the victim, but lost interest in doing so. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.