People v Lara (2018 NY Slip Op 08359)





People v Lara


2018 NY Slip Op 08359


Decided on December 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2018

Friedman, J.P., Kapnick, Webber, Kahn, Kern, JJ.


5117/08 7825 7824 7823 7822 7821

[*1]The People of the State of New York, Respondent/Appellant,
v
Jason Lara, Defendant-Appellant/Respondent.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant/respondent.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent/appellant.



Judgment of resentence, Supreme Court, New York County (Laura A. Ward, J.), rendered September 8, 2017, as amended September 28, 2017, resentencing defendant, as a persistent violent felony offender, to a term of 16 years to life, unanimously reversed, on the law, the judgment of resentence vacated, and the sentence of 18 years to life imposed on July 31, 2012 reinstated.
On a prior appeal from the 2012 judgment of conviction (130 AD3d 463 [1st Dept 2015]), this Court found that defendant was entitled to have his persistent felony offender status litigated with proper assistance of counsel at a new adjudication and sentencing because of counsel's failure to ascertain that, in violation of People v Catu (4 NY3d 242 [2005]), defendant was not advised about postrelease supervision at the time of a 2001 plea, and by failing to litigate whether the Catu violation rendered that conviction unconstitutional for predicate felony purposes. We found defendant's excessive sentence claim to be academic because we were ordering a plenary sentencing proceeding.
On remand, the sentencing court determined that defendant no longer qualified as a persistent violent felony offender because his 2001 predicate conviction violated Catu. Defendant was resentenced accordingly.
The Court of Appeals thereafter held that Catu does not apply retroactively in enhanced sentencing proceedings (People v Smith, 28 NY3d 191 [2016]). Based on the Court of Appeals' decision in Smith, the sentencing court granted the People's CPL 440.40 motion to set aside defendant's resentence, and at the subsequent resentencing, the court reduced defendant's original 18-to-life sentence to 16 years to life. Defendant also made an unsuccessful challenge to the constitutionality of his 2001 predicate conviction on the ground that, notwithstanding the nonretroactivity of Catu's automatic vacatur rule, he was actually prejudiced by the lack of a warning about postrelease supervision.
On defendant's appeal, he claims that he was entitled to a hearing on his prejudice-based claim that his 2001 plea was unconstitutionally obtained, and that 16-to-life resentence (the minimum permitted by law) constituted unconstitutional cruel and unusual punishment. On the People's appeal, they claim that the resentencing court was required to reimpose the original 18-to-life sentence. On these cross-appeals from the same judgment of resentence, albeit from different aspects thereof, each party is an "appellant" within the meaning of CPL 470.15(1), and we may thus review errors adversely affecting either party.
As for defendant's appeal, we find that his present challenge to the constitutionality of his 2001 conviction is barred by CPL 400.15(7)(b) because of his failure to raise this claim at the time of the 2012 sentencing proceedings. Furthermore, the 2017 resentencing court correctly determined that defendant's pre-Catu prejudice claim was refuted by the record of the 2001 proceedings and did not warrant an evidentiary hearing. We also find that sentencing defendant as a persistent violent felony offender was not unconstitutionally severe (see People v Thompson, 83 NY2d 477, 480 [1994]; People v Broadie, 37 NY2d 100 [1975], cert denied 423 US 950 [1975]).
As for the People's appeal, we conclude that the resentencing court should have reinstated defendant's original, lawful prison sentence of 18 years to life instead of revisiting its own exercise of discretion and imposing a lesser prison sentence of 16 years to life, which it had no statutory authority to do (see CPL 430.10; People v Williams, 14 NY3d 198, 212 [2010]). When, in 2015, this Court ordered a plenary resentencing, it did so on grounds subsequently rejected by the Court of Appeals in Smith, leaving no other basis for revisiting the sentence. Furthermore, CPL 440.40(5) required the court, after granting the People's motion to set aside the resentence that violated Smith, to "resentence the defendant in accordance with the law," which in this case means to reimpose the lawful 18-to-life term without a de novo exercise of discretion.
We have considered defendant's request to reduce the sentence in the interest of justice and see no basis to do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 6, 2018
CLERK