People v Dennis (2019 NY Slip Op 03913)





People v Dennis


2019 NY Slip Op 03913


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


1/13 -9361 9360 9359 9358 9357

[*1]The People of the State of New York, Respondent,
v
Andre Dennis, also known as Denise Dennis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kyle R. Silverstein of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered November 25, 2013, as amended August 19, 2016 and July 7, 2017, convicting defendant, upon her plea of guilty, of attempted assault in the second degree, and sentencing her, as a second felony offender, to a term of two to four years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 1½ to 3 years, and otherwise affirmed.
Although defendant was not advised of the postrelease supervision component of her sentence, her 2000 burglary conviction in Onondaga County was not unconstitutionally obtained, and it thus qualifies as a predicate felony conviction. Defendant is not entitled to a hearing on whether she would have pleaded guilty had she been so advised.
In 2016, defendant's original sentence on the instant conviction was vacated based on then-controlling law, under which the automatic vacatur rule of People v Catu (4 NY3d 242 [2005]) was deemed retroactive. The 2000 conviction was disqualified as a predicate, and defendant was resentenced as a first felony offender. After the Court of Appeals held in People v Smith (28 NY3d 191 [2016]) that Catu was not retroactive, the People successfully moved pursuant to CPL 440.40 to vacate defendant's resentence, and defendant was thereafter resentenced, once again as a second felony offender, to her original term.
Defendant's argument has become barred by collateral estoppel. After the briefs were filed in the instant appeal, this Court decided People v Dennis (168 AD3d 644 [1st Dept 2019]), where the same defendant argued that a resentencing court in New York County in 2018 improperly relied on the same 2000 Onondaga conviction in adjudicating her a predicate felon. In that case, the court granted defendant's request for a hearing and determined that defendant failed to demonstrate that she had been prejudiced by the failure of the plea court and her attorney to inform her of the PRS component of her sentence in 2000. This Court affirmed on that ground, while declining to address the issue of whether a hearing should have been granted in the first place. In light of that decision, "both requisite criteria [of collateral estoppel], the identicality and decisiveness of the issues and the opportunity for a full and fair hearing have been satisfied" (Ryan v New York Tel. Co., 62 NY2d 494, 502 [1984]).
We find that defendant did not make a valid waiver of her right to appeal, and we find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK