People v Smith (2020 NY Slip Op 01367)





People v Smith


2020 NY Slip Op 01367


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2018-11258
 (Ind. No. 293/12)

[*1]The People of the State of New York, respondent,
v
Charles Smith, appellant.


Paul Skip Laisure, New York, NY (Arnold & Porter Kaye Scholer LLP [Jennifer R. Kwapisz], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Barry Kron, J.), dated August 24, 2018, which denied, without a hearing, his motion pursuant to CPL 440.20 to set aside a sentence of the same court, imposed February 8, 2013, upon his conviction of attempted robbery in the first degree, upon a jury verdict.
ORDERED that the order is affirmed.
In October 2001, the defendant pleaded guilty to attempted burglary in the second degree in exchange for a sentence of five years' imprisonment. The Supreme Court failed to inform the defendant that his sentence would include a mandatory period of postrelease supervision. On May 7, 2008, the court granted the defendant's writ of habeas corpus and directed the Department of Corrections and Community Supervision to delete the period of postrelease supervision from his sentence and terminate the enforcement of that portion of his sentence.
In January 2013, after a jury trial, the defendant was convicted of attempted robbery in the first degree. The Supreme Court arraigned the defendant as a persistent violent felony offender based upon, inter alia, his 2001 conviction, and sentenced him to the mandatory minimum of 16 years to life imprisonment (hereinafter the 2013 sentence).
The defendant moved pursuant to CPL 440.20 to set aside the 2013 sentence on the ground that it violated his federal and state constitutional rights. By order dated August 24, 2018, the Supreme Court denied the defendant's motion. The defendant appeals, by permission, from the August 24, 2018, order. We affirm.
In People v Catu, which was decided after the defendant's 2001 conviction and sentence, the Court of Appeals held that the failure to advise a defendant of a direct consequence of conviction, including a period of postrelease supervision, requires vacatur of the plea (see People v Catu, 4 NY3d 242, 244). However, that rule does not apply retroactively (see People v Smith, 28 NY3d 191, 196).
In holding that Catu did not apply retroactively, the Court opined that it was "highly unlikely that defendants who pleaded guilty to criminal offenses that required determinate sentences but did not have PRS pronounced pleaded guilty to crimes that they did not commit" (id. at 210). It further recognized that, prior to its decision, "prosecutors, defense counsel and courts had relied extensively on the legitimacy of pre-Catu predicate felony convictions for enhancement purposes where PRS had not been pronounced" (id.).
Here, as the Court of Appeals has noted, "retroactive application of Catu would do little to advance the administration of justice as it would render useless prior predicate convictions as a result of a sentencing error that bore no relationship to the defendant's guilt or innocence" (id.). Accordingly, we agree with the Supreme Court's determination denying the defendant's motion pursuant to CPL 440.20 since the 2013 sentencing court did not err in relying on the defendant's 2001 conviction in adjudicating him a persistent violent felony offender.
The defendant's remaining contention is without merit (see People v Stultz, 2 NY3d 277, 287; People v Baez, 175 AD3d 553, 555).
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court