People v Lopez (2022 NY Slip Op 05926)

People v Lopez

2022 NY Slip Op 05926

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Ind No. 3768/00 Appeal No. 16506 Case No. 2005-2573 

[*1]The People of the State of New York, Respondent,
v
Adrian Lopez, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Debevoise & Plimpton LLP, New York (Chana Zuckier of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered July 16, 2001, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of eight years, unanimously affirmed.
On June 27, 2001, defendant appeared with counsel and pleaded guilty to first-degree robbery in full satisfaction of an indictment and was thereafter sentenced to eight years. At the sentencing, a term of postrelease supervision (PRS) was not imposed. Defendant served a timely notice of appeal on July 18, 2001. In 2008, defendant was resentenced to the original sentence without PRS.
Subsequently, on May 5, 2015, Defendant was convicted, following a jury trial, of, among other things, first and second-degree robbery, and sentenced as a second violent felony offender to an aggregate prison term of 17 years. After learning that he would be sentenced as a second violent felony offender, on April 17, 2015, Defendant moved for poor person relief on the appeal before us (from the 2001 Judgment). This Court granted defendant's motion on May 19, 2015.
In 2019, defendant's counsel moved to set aside defendant's 2015 sentence. As pertinent here, defendant argued that his sentence in the 2001 case was illegal under People v Catu (4 NY3d 242 [2005]) and that the 2008 resentencing failed to cure the illegality. Defendant further argued that because the original 2001 sentence was illegal, it could not serve as a predicate violent felony conviction on his subsequent conviction. Supreme Court denied defendant's motion, finding that Catu did not apply and stating that his appeal of the 2001 sentence was "clearly abandoned." Defendant appealed from the 2015 conviction and from the denial of the motion, and this Court affirmed (People v Lopez, 200 AD3d 537 [1st Dept 2021], lv denied 38 NY3d 952 [2022]).
On this 21 year old appeal, defendant now argues that his original plea in 2001 was not knowing, intelligent and voluntary because the court failed to advise him of the term of PRS required by his plea, and that the resentencing was untimely and thus failed to cure the original sentence's due process violation.
As we found on the appeal decided in 2021, defendant waived any challenge to the 2001 conviction (200 AD3d at 539). Indeed, this Court found that at the 2015 sentencing, defendant's attorney explicitly stated that there was no constitutional defect in the 2001 conviction, and also waived challenges to defendant's predicate felon status (id.). Thus, even if the resentencing pursuant to Penal Law § 70.85 did not cure any defect in the original 2001 sentence, defendant waived any challenges to it (see CPL 400.21 [7] [b] ["(f)ailure to challenge the previous conviction. . . constitutes waiver on the part of the defendant of any allegation of unconstitutionality"]; Lopez, 200 AD3d at 539; People v Walker, 172 AD3d 572, 572 [1st Dept 2019]; People v Lara, 167 AD3d 446, 448 [1st Dept 2018], [*2]lv denied 32 NY3d 1026 [2019]). The waiver that we found, on the prior appeal, to be binding in the collateral attack on the original sentence is equally binding in this direct attack on the original sentence (see People v Newman, 195 AD3d 575, 575 (1st Dept 2021], lv denied 37 NY3d 1098 [2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022