■ The People of the State of New York, Respondent, v Keith Fagan, Appellant. [65 NYS3d 181]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J.), rendered July 6, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a

term of 18 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 16 years to life, and otherwise affirmed.

At the sentencing hearing, defense counsel did not challenge the constitutionality of defendant's 2000 New York County conviction for attempted robbery, which had been used as a predicate in adjudicating defendant a persistent violent felony offender. It was undisputed that at the 2000 plea proceeding, defendant had not been informed that his sentence would include a period of postrelease supervision (*see People v Catu*, 4 NY3d 242 [2005]).

By order dated April 3, 2014, we unanimously modified to the extent of vacating the sentence and remanding in accordance with our opinion, finding, inter alia, that *Catu* applied retroactively to invalidate the plea, and that defendant was entitled to have his persistent felony offender status litigated with proper assistance of counsel, at a new adjudication and sentencing (116 AD3d 451 [2014]). We found that defendant's purported waiver of his right to appeal was invalid. We found defendant's excessive sentence claim to be academic because we were ordering a plenary sentencing proceeding.

On remand, Supreme Court rejected the People's argument that defendant should remain a persistent violent felony offender in light of the 2000 conviction. Instead, the court adjudicated defendant based solely on a 1980 conviction for criminal sexual assault in the first degree, and sentenced him as a second violent felony offender to a term of 15 years, with 5 years PRS. The People made a motion for relief under CPL 440.40, which was denied. We unanimously affirmed (134 AD3d 411 [2015]).

On appeal, the Court of Appeals reversed, holding that *Catu* does not apply retroactively in enhanced sentencing proceedings (*People v Smith*, 28 NY3d 191 [2016]). The Court noted that defendant was in essence seeking retroactive application of *Catu* to disqualify his predicate offense, which was not permissible. The Court accordingly ordered that the resentence be vacated and the original sentence (i.e., 18 years to life) reinstated.

We are now obliged, by virtue of the Court of Appeals' decision, to address defendant's request for a reduction in sentence.

Since we previously determined that defendant's purported waiver of the right to appeal was invalid, there is no impediment to our review.

Defendant accepted responsibility for his crime and apolo-

gized to the victims in open court. Defendant notes that although he told the victims he had a gun, he was not armed and no one was injured in the brief encounter, during which only $4 and a pack of cigarettes were taken from the victims. Defendant will be over 65 years old when he is finally eligible for parole. Concur—Richter, J.P., Manzanet-Daniels, Mazzarelli and Moskowitz, JJ.