■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEFERINO PEREZ, Appellant. [4 NYS3d 515]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 29, 2012, convicting defendant, upon his plea of guilty, of operating as a major trafficker and conspiracy in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years to life, unanimously affirmed. Judgments, same court and Justice, rendered March 13, 2012, convicting defendant, upon his pleas of guilty, of two counts of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of 10 years, unanimously reversed, on the law, and the matter remanded for further proceedings.

Since defendant did not move to withdraw his plea, he did

not preserve his claim that the court coerced his plea to operating as a major trafficker and conspiracy (*see People v Ali,* 96 NY2d 840 [2001]), and this claim does not come within the narrow exception to the preservation requirement (*see People v Peque,* 22 NY3d 168, 182 [2013]). We decline to review the claim in the interest of justice. As an alternate holding, we find that the plea was knowing, intelligent and voluntary, and was made in exchange for a favorable sentence. The court's statement that defendant "[could] not expect" concurrent sentences if he were convicted after trial was accurate under the circumstances of the case and was not coercive.

The People concede that the March 13, 2012 judgments should be reversed because the court did not advise defendant that his sentences would include postrelease supervision (*see People v Catu,* 4 NY3d 242 [2005]).

We have considered all other claims raised and find them to be unavailing. Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Kapnick, JJ.