■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SANFORD, Appellant. [64 NYS3d 520]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 2, 2015, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The record demonstrates that defendant's guilty plea was knowing, intelligent, and voluntary (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]), and that the court providently exercised its discretion in denying defendant's plea withdrawal motion. At the plea colloquy, the court gave defendant all the information he needed to "knowingly, voluntarily and intelligently choose among alternative courses of action" (*People v*

*Catu,* 4 NY3d 242, 245 [2005]; *see also Hill v Lockhart,* 474 US 52, 56 [1985]). In particular, the court explained that the promised sentence of 1½ to 3 years would run consecutively to any undischarged term of imprisonment, referring specifically to defendant's prior unrelated sentence of 16 years to life, upon which he had been released on parole. Defendant expressly acknowledged that he understood.

At sentencing, defendant appeared to express confusion over whether his aggregate sentence would be limited to the instant sentence, or whether it would also include whatever portion of the preexisting life sentence that the parole authorities might choose to add. This was not a basis for withdrawal of the plea, given the court's clear statements to defendant at the plea colloquy. The knowing and intelligent nature of the plea is further supported by defendant's considerable familiarity with the criminal justice system, which includes numerous prior convictions resulting from guilty pleas.

We have considered and rejected defendant's pro se claims. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.