People v Hayes (2023 NY Slip Op 04942)

People v Hayes

2023 NY Slip Op 04942

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, JJ. 

Ind. No. 3574/18 Appeal No. 693 Case No. 2020-01514 

[*1]The People of the State of New York, Respondent,
v
Rickey Hayes, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered January 14, 2020, convicting defendant, upon his plea of guilty, of one count of robbery in the first degree, three counts of attempted assault in the first degree, two counts of attempted robbery in the first degree, and one count of assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 15 years followed by five years of postrelease supervision, unanimously affirmed.
The trial court providently exercised its discretion in denying defendant's oral motion to withdraw his plea. The record demonstrates that the guilty plea was knowing, intelligent, and voluntary, and was made in exchange for a favorable sentence (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Perez, 127 AD3d 436, 437 [1st Dept 2015], lv denied 25 NY3d 1169 [2015]). Further, even accepting defendant's argument that the court made a misstatement about defendant's sentencing exposure, any such misstatement did not render the plea involuntary under the totality of the circumstances (see People v Conceicao, 26 NY3d 375, 383 [2015]). On the contrary, the record demonstrates that defendant had time to discuss the plea with his counsel, and that counsel adequately explained to defendant the plea and the nature of the sentence. The knowing and intelligent nature of defendant's plea is further buttressed by defendant's familiarity with the criminal justice system, which stems from numerous prior convictions imposed upon him after guilty pleas (People v Sanford, 156 AD3d 433, 434 [1st Dept 2017], lv denied 31 NY3d 986 [2018]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023